### OPPENHEIMER *v.* HUMPHREYS *et al.*

*(Supreme Court, General Term, First Department. May 9, 1890.)*

1. VENDOR AND VENDEE—DEFECTIVE TITLE—INCUMBRANCES.

Plaintiff purchased land of defendants subject to a mortgage for $16,000, bearing interest at 5 per cent. The record showed a mortgage on the land for $22,000, at 7 per cent. Defendants stated that $6,000 had been paid on this mortgage, and the interest reduced to 5 per cent.; that the mortgagee was abroad, but that R. & Co., bankers, were his agents, and had in their possession the bond, with payments on account of both principal and interest indorsed on it, and a satisfaction piece, all of which plaintiff might see. Defendants also offered to furnish the affidavit of W., one of the owners of the land, of the payment of the $6,000, and a certificate of R. & Co. to the same effect, and that the interest had been reduced from 7 to 5 per cent. *Held* that, as the certificate and affidavit would not make the record title clear, plaintiff was justified in refusing to accept the property.

2. SAME—EXTENSION OF TIME.

Where the completion of a purchase of real estate has been adjourned, from time to time, to specified dates, the purchaser is entitled to insist upon the performance at the time appointed, and is not bound to wait in order that difficulties or incumbrances affecting the title might be removed.

3. CONTRACT—TIME OF ESSENCE—RULE IN LAW.

The rule in equity, that time is sometimes not regarded as the essence of the contract, has no application to actions at law, and the rights of the parties are to be determined strictly by the agreement.

BRADY, J., dissenting.

Appeal from circuit court, New York county.

Action by Jacob Oppenheimer against Asahel W. Humphreys, and Louis C. Whiton, as administrator of Adam H. Ward. The court directed a verdict for plaintiff, and from the judgment entered thereon defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Howard B. Bayne* and *R. F. Little,* for appellant. *Clement J. Kracht,* for respondents.

VAN BRUNT, P. J. The plaintiff and the defendant Humphreys and one Ward entered into a contract whereby said Humphreys and Ward agreed to sell to plaintiff certain premises in the city of New York for the sum of $30,-000, to be paid as follows: $1,000 on signing the contract; $16,000 by taking said premises subject to a mortgage then on the same, bearing interest at the rate of 5 per cent. per annum, and due and payable; and the balance, of $13,000, in cash on delivery of deed. The contract further provided that the premises should be free from all incumbrances except said mortgage. The deed was to be delivered on the 31st of March. The plaintiff caused the title to be examined, and discovered that said premises were apparently incumbered by a mortgage of record for $22,000, bearing interest at the rate of 7 per cent. This mortgage was not satisfied of record, and an apparent lien upon the premises for the amount therein mentioned. Upon the 31st of March, 1886, the time fixed for the closing of the contract, the plaintiff declined taking the title, on the ground that the premises were incumbered by a mortgage of $22,000, with interest at 7 per cent., instead of a mortgage of $16,000, at 5 per cent., as the contract provided. In reply to this objection the vendors stated that the mortgagee was at the time traveling in Egypt, and it was impossible to get from him personally any admission on the subject, but that Riggs & Co., bankers, of Wall street, were the agents of the mortgagee, and that they had the bond and mortgage in their possession, with payments on account of principal and interest indorsed on the bond; that they had also a satisfaction piece; and that the plaintiff or his attorney might sat-

isfy himself by calling at Riggs & Co., where these papers were subject to examination.    The vendors further offered to furnish the plaintiff with an affidavit of Ward, one of the owners, of the fact of the payment of the $6,000 on the mortgage.    He also offered to furnish a certificate of this fact in writing from Riggs & Co., and also a similar statement that the interest had been reduced to 5 per cent.    The closing of the sale was adjourned to April 9th, for the purpose of enabling the defendants to produce the requisite proof showing that $6,000 had been paid on account, and the interest reduced.    Further adjournments were had to the 12th of April, and in the mean time a clerk of the attorney for the plaintiff called on Riggs & Co., but whether he saw the bond with the indorsement upon it does not clearly appear.    He was told what the facts were in reference to this payment by the book-keeper of Riggs & Co. The plaintiff, on the 12th, not being satisfied with the title as it stood, the vendors proposed that he should reserve from the balance of the purchase money the whole face of the mortgage, $22,000, together with a sufficient amount to cover any question of interest, himself keeping the $16,000, and depositing the balance in a trust company as a guaranty.    The vendors then offered to pay off the mortgage, and file a satisfaction piece, and put on a new mortgage, due at once, at 5 per cent., provided they were allowed five or six days to do so.    This proposition was likewise rejected by the plaintiff. This action was commenced some months thereafter to recover the $1,000 which had been paid at the time of the making of the contract, and for the expenses of searching the title.    Upon the foregoing facts the court directed a verdict in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

It is well settled that, unless a seller of land tenders a title which is free from reasonable doubt, the purchaser is not bound to complete.    In the case at bar the records show a mortgage of $22,000, with interest at 7 per cent. The claim was made upon the part of the defendants that $6,000 had been paid upon this mortgage, and the interest reduced to 5 per cent.    They offered the certificate of Riggs & Co., bankers in this city, who were alleged to be the agents of the mortgagee, who had possession of the bond and mortgage, and also of the satisfaction piece thereof, to the effect that such payment had been made and such reduction of interest had occurred.    We do not think that the plaintiff was bound to accept the title upon evidence of this character, that the apparent incumbrances upon the property had been partially removed.    He was not bound to run the risk of being able at some future time to establish that Riggs & Co. were the agents of the mortgagee; or, if the bond in question should happen to have been destroyed, to vest his claim of payment upon parol evidence, the benefit of which he might at any time lose. He was entitled to a clear record title.    He had the right to claim that his title should be put beyond the contingency of human life, or the continued existence of papers which could not be the subject-matter of a record.    He was entitled to demand, if the mortgage had been reduced to the extent claimed, such evidence of the fact as would enable him to spread the same upon the record, so that, no matter who might die, or what might become of the original bond in question, the records would show precisely the extent to which the mortgage was a lien, and it does not seem that anything less than this would satisfy the requirements of the law.

But it may be urged upon the part of the appellants that their offer to satisfy the mortgage, and place a new mortgage upon the premises for $16,000, with interest at 5 per cent., would fulfill the requirements of the contract. That is undoubtedly true, but the plaintiff having fixed a time at which this contract was to be closed, and having by his acts made time of the essence of the contract, and with the intention that time should be of the essence of the contract, accentuated by the adjournments to specific dates which took place when these various objections were under discussion, the plaintiff was en-

titled to insist upon performance at that time, and was not bound to wait in order that difficulties or incumbrances affecting the title might be removed. 3 Pars. Cont. 383.

It is true that in equity time is sometimes not regarded as of the essence of the contract. *Voorhees* v. *De Meyer*, 2 Barb. 37; *Wiswall* v. *McGown*, Id. 270. But this question always depends upon the facts of each particular case, and whether conveyance can be as well done at a later period as an earlier, and without detriment to the party insisting upon a rigid adherence to the time fixed in the contract. But this rule has no application to actions at law. The rights of the parties are determined strictly by the agreement, and although in this case, had the appellants procured the mortgage of $16,000 at 5 per cent., and tendered the same within five or six days after the last adjourned day for the completion of the contract, with a proper conveyance of the land in question, the plaintiff would probably have been compelled in equity to have completed his contract; but, they not having done so, the mere fact of their having offered to complete the title in the way suggested gives them no standing in a court of equity to enforce specific performance. Upon the whole case, therefore, we think that the case presented no question of fact which it was necessary to submit to the jury; that upon the conceded facts the title tendered to the plaintiff was not such as he was bound to accept; and that the direction of a verdict in his favor was correct. The judgment should therefore be affirmed, with costs.

DANIELS, J. I agree to affirm for the reasons stated, and on the further ground that no equitable defense was interposed by the defendants. The disposition of the action was therefore left to depend upon legal principles; and, as the vendors were in default, the direction of a verdict against them was right.

BRADY, J. I think the equities are in favor of the defendants, and that they should prevail, without regard to the form of the action. If the plaintiff should not succeed according to the whole law of the land, the judgment is erroneous. The defendants offered to perform and make the title good, although not precisely in the manner provided for. But this, I think, was enough.