Oscar Schmidt, Respondent, *v.* Charles H. Reed et al., Appellants.

While at law the stipulated time of performance of a contract for the sale of land is of the essence of the contract it is not essentially so in equity, and when the situation of the parties and the property remains unchanged relief may be granted.

Reasonable diligence. in performance however, is requisite to such relief where there is no acquiescence in the delay.

When, by the terms of such a contract the time for the performance is not of the essence thereof, it may be made so by reasonable notice by either party, to the other, and the party giving the notice may then avail himself of the forfeiture on default.

The parties hereto entered into a contract for the sale by defendants and the purchase by plaintiff of certain premises, by the terms of which plaintiff agreed to pay a specified portion of the purchase-price by taking the prem-

ises subject to a mortgage thereon for an amount specified, "having five years to run from November, 1886." The mortgage, in fact, matured in three years from that time. Three days before the time fixed in the contract for its performance plaintiff notified defendants of the mistake in the time of payment of the mortgage, of which fact, until such notice, they were ignorant, and also notified them that he would not accept a deed unless defendants procured at the time fixed for passing title a proper and sufficient extension of the mortgage, so as to conform to the contract. Defendants lived in New York; the owner of the mortgage in Philadelphia. When the parties met at the time stipulated defendants had not procured the extension, they tendered a deed and also ample security against any possible damage by reason of the mistake, which plaintiff refused. Defendants then asked for an extension of the time of performance for a week or ten days to enable them to procure an extension of time of payment of the mortgage; this also, plaintiff refused. Eight days after the meeting such an extension was procured and tendered by defendants to plaintiff, with expenses of recording and the deed. Plaintiff refused to accept; he had on the same day, prior to the tender, commenced this action to recover back the payment made by him on execution of the contract and expenses. The testimony was conflicting, as to whether defendants during the three days between the time of notice of the mistake and that for performance, made any efforts to procure the extension. Plaintiff's evidence was to the effect that when so notified, defendants said they would not apply for an extension. The evidence showed and the court found that plaintiff, at the time of executing the contract, made special inquiries as to the time when the mortgage would mature, and relied upon the representation in the contract; also, that five days after the time fixed for performance he purchased other premises. *Held,* that plaintiff was not required to accept the security offered in lieu of performance; that the question as to whether the three days was a sufficient or reasonable time in which to obtain the extension, and as to whether defendants had used due diligence to procure it in that time were questions of fact; and that the evidence justified a finding that defendants were not entitled to relief from their default. Reported below, 26 J. & S. 570.

(Argued February 3, 1892; decided March 8, 1892.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of April, 1890, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The action was founded upon the alleged default of the

defendants in performance of a contract made by them to sell and convey to him certain premises in the city of New York; and plaintiff asked to recover a sum advanced by him to the defendants upon such contract, also certain expenses incurred by him in examining the title to the property. The defendants by way of counter-claim, alleged facts upon which they demanded specific performance of the contract.

It appears that on October 18, 1888, the parties entered into an agreement whereby the defendants agreed to sell and convey the premises to the plaintiff for $34,000, payable as follows: $500 at its date, $22,500 "by taking said premises subject to a mortgage for that amount (then) a lien thereon bearing interest at 5 per cent and having five years to run from November, 1886," and the balance, $11,500, in cash on closing the title, and the defendants agreed to convey the land to the plaintiff on the 15th day of November, 1888, by warranty deed free from incumbrance, except such mortgage. It turned out that the time of maturity of the mortgage was not five years from November 1, 1886, as mentioned in the contract, but was three years from that time. This was the objection of the plaintiff to the completion of the purchase, and at the meeting of the parties on the fifteenth of November, he declined to extend the time to enable the defendants to procure an extension of the time of payment of the mortgage until November, 1891, or to accept security from the plaintiff in that respect.

*Wm. C. Reddy* for appellants. Time was not the essence of the contract. (*Hubbell* v. *Van Schoenig*, 49 N. Y. 326; 2 Pars. on Cont. chap. 3, § 384; 7 Johns. 476; 4 Barb. 614; *McMulkin* v. *Bates*, 46 How. Pr. 405; *Secombe* v. *Steele*, 20 How. [U. S.] 94.) The notice or demand to limit time for closing title was not conformable to the requirements of equity, in that it did not allow reasonable time for performance. (*Meyers* v. *De Mier*, 52 N. Y. 647; Fry on Spec. Perf. § 724; *King* v. *Wilson*, 6 Beav. 124; *Parkin* v. *Thorald*, 16 id. 59.) The alleged notice did not conform to the established rules of equity

in that it was indefinite. (Fry on Spec. Perf. § 728.) No notice limiting the time for closing title to November fifteenth was ever given. It was error in the court to so find. (Fry on Spec. Perf. § 724.) The court erred in not dismissing the complaint at the close of the testimony. (*Reading* v. *Gay*, 37 N. Y. Supp. 79; *Keating* v. *Gunther*, 10 id. 734; 2 Pars. on Cont. chap. 3, § 384; *McMulkin* v. *Bates*, 46 How. Pr. 405.) The court should have decreed specific performance by the plaintiff. (*Hill* v. *Buckley*, 17 Wis. 345; *Pulsford* v. *Richards*, 17 Beav. 87; *Burch* v. *Vanderburg*, 1 Edw. 21; Story's Eq. Juris. 777; 2 Johns. 595; 8 Paige, 453; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Jenkins* v. *Fahey*, 73 id. 355; *Hubbell* v. *Van Schoenig*, 49 id. 326; *Day* v. *Hunt*, 112 id. 191; *Murray* v. *Post*, 8 N. Y. Supp. 714.)

*E. Beneville* for respondent. Under no circumstances could the facts alleged constitute a counter-claim to the cause of action set up in the complaint. (*Briggs* v. *Briggs*, 20 Barb. 477; *Newell* v. *Salmon*, 22 id. 647; *Chamber* v. *Lewis*, 11 Abb. 210; *Lafarge* v. *Kelsey*, 1 Bosw. 171; *Chamboret* v. *Cagney*, 41 How. 125.) The alleged counter-claim does not, in terms, set forth a cause of action in defendant's favor entitling them to relief. (*Bank of Columbia* v. *Hagner*, 1 Pet. 464; *Colson* v. *Thompson*, 2 Wheat. 336; Story's Eq. Juris. § 780; *Hinckley* v. *Smith*, 51 N. Y. 21; Pom. on Cont. §§ 210, 218; *Cadman* v. *Homer*, 18 Ves. 10.) A court of equity will distinguish between the case of a vendor, coming into a court of equity to compel a specific performance and of a vendee seeking to compel a vendor to perform. (*Sutherland* v. *Briggs*, 1 Hare, 34; 3 Johns. Ch. 222.) Either party can make time of the essence of the contract, by giving notice that he so wishes it. (*Dominick* v. *Michael*, 4 Sandf. 374; Pom. on Cont. § 403.) Where a party's circumstances have been materially changed and a decree of specific performance would be a hardship, such performance will not be decreed. (*Hatch* v. *Cobb*, 4 Johns. Ch. 559; 1 Fonb. Eq. Ch. 6, § 2.)

BRADLEY, J.   At the time stipulated by the contract for its performance the parties came together.   The plaintiff was ready to complete the purchase and the defendants had prepared a deed which they proposed to deliver.   The plaintiff declined to accept it because he had learned that the time for the maturity of the mortgage, subject to which the title was to be conveyed, was two years earlier than it was represented to be by the contract.   This was a mistake of the defendants without fraud or purpose on their part to deceive the plaintiff. The effect of this provision of the contract was that the payment of the principal sum of the mortgage without default in payment of interest should not be enforcible within five years from November 1, 1886.   And this provision could be satisfied by an instrument effectually extending until then the time of its payment.   When the parties were together on November 15, 1888, the stipulated time to complete the sale and purchase, the defendants, at the time of tendering their deed, also tendered to the plaintiff ample security against any possible damage by reason of the mistake in respect to time of the maturity of the mortgage which was refused by the plaintiff.   The defendants also then requested a postponement of the time of performance of the contract for a week or ten days to enable them to obtain and deliver to the plaintiff an instrument of extension of the time of payment of the mortgage corresponding with that mentioned in the contract.   This the plaintiff also refused to grant.   On November twenty-third, eight days after that meeting of the parties, the defendant having obtained it from the mortgagee, tendered to the plaintiff a written extension of the time of payment of the principal sum of the mortgage to November 1, 1891, and sufficient money to pay for recording it, with a deed of conveyance of the premises.   The plaintiff refused to receive them.   He had on the same day and prior to the tender commenced this action by service on the defendant Schmohl, of which the other defendant, when he made the tender, was not advised.

The question is whether this offer of performance at that time by the defendants constituted a defense to the action and

entitled them to specific performance.    While at law the stipu-
lated time of performance of a contract for the sale and con-
veyance of land is of the essence of the contract, it is not
essentially so in equity, and there, when the situation of the
parties and property remains unchanged, relief will not nec-
essarily be defeated by delay.    But where there are no circum-
stances of acquiescence in the delay, reasonable diligence is
requisite to such relief.    (*Edgerton* v. *Peckham*, 11 Paige,
352; *Hubbell* v. *Von Schoening*, 49 N. Y. 326.)

The parties to a contract may by its terms make the time of
performance essentially important and its observance in that
respect requisite to relief.    (*Benedict* v. *Lynch*, 1 John. Ch.
370.)    And when that is not so either of the parties to the
contract may, by a reasonable notice to the other party for
that purpose, render the time of performance as of the essence
of the contract and avail himself of forfeiture on default.
(*Myers* v. *De Mier*, 52 N. Y. 647.)    Time was not necessarily
of the essence of the contract in question.    But the trial court
found that the plaintiff notified the defendants on the 12th of
November, 1888, that the mortgage would mature on the 1st
of November, 1889, and that he would not accept a deed of
the premises unless the defendants procured for him at the
time fixed for the passing of the title, a proper and sufficient
extension of the mortgage until November, 1891, and upon
that fact the court determined that such notice made time of
the essence of the contract.

It is urged on the part of the plaintiff that the notice was
insufficient for the purpose, in that the defendants were not
by it given a reasonable time to procure the extension, and
that it was not specific as to the time when the default would
be treated by the plaintiff as a forfeiture of the right to tender
performance.    The plaintiff did not until the day the notice
was given ascertain that the time of maturity of the mortgage
was other than that stated in the contract.    The mortgagee
resided in Philadelphia, of which the plaintiff was advised at
the meeting of the fifteenth of November, and whether the
three days was a sufficient or reasonable time to obtain from

him the extension before the stipulated time of performance of the contract if it was obtainable, was a question of fact, as was also the question whether the defendants had used due diligence to procure it at that time. The court did not find that the defendants were or were not chargeable with *laches* in that respect. But there was evidence on the part of the plaintiff (contradicted by that on the part of the defendants) to the effect that the defendants had then made no effort and done nothing to procure the extension of the mortgage. And while the conflicting evidence on that subject cannot be referred to for the predication of error, it may here, so far as applicable, be considered in support of the conclusion of the trial court. If it appeared by the record that it contained all the evidence of the trial it may be that the construction given to the finding before mentioned could be the subject of some criticism, as it does not distinctly appear by the evidence that the time when the extension should be produced was specified. The evidence of the plaintiff's attorney, as there represented, in speaking of the notice given on November twelfth, is : " I told him (defendants' attorney) we should insist on an extension of the time for the payment of the mortgage, else my client would not take title. He said it seemed ridiculous to now ask an extension," as the mortgage then had a year to run. " I said I would submit the matter to the plaintiff," and added that he informed the defendants or one of them the evening of that or the following day that the plaintiff insisted upon extension of the mortgage to November 1, 1891 ; and that no purpose was expressed on their part to obtain it, but that on the contrary they said they did not expect to get it at that time. It cannot now and upon the record be held that there was not sufficient evidence to warrant the conclusion that the defendants were advised by the plaintiff that his completion of the purchase was dependant upon the production on the fifteenth of November, of an extension of the time of maturity of the mortgage. It may be that a different question would be presented if it had been found or conclusively established by the evidence that the plaintiff was advised that the

purpose or expectation of the defendants was to obtain it. But upon that subject the evidence on the part of the plaintiff (in conflict with that on the part of the defendants) was to the effect that it was then said by the defendants that they would not apply for an extension, and by their attorney that he had made no effort to get it, and that he had no reason to believe he could obtain it. And the court was by the defendants requested and refused to find " that the plaintiff was not on or prior to November 15, 1888, induced or caused by the defendants to believe that the defendants had abandoned the contract and had no intention of carrying out the same." In view of this evidence the conclusion was justified that the plaintiff was relieved from the obligation of the contract when the interview of November fifteenth terminated, if the time of the maturity of the mortgage as incorrectly represented by the contract was a material fact which may have prejudiced the plaintiff. On that subject the court found that at the time of making the contract the plaintiff made special inquiries as to the time the mortgage would mature, and relied upon the representation that it had five years to run from November 1, 1886, and by it was induced to enter into the contract. It must, therefore, be assumed that the plaintiff was at liberty to treat it as an essential fact, and to refuse to complete the purchase without the extension to such time. And the court also found that on November 20, 1888, the plaintiff, in ignorance of the fact that the defendants had taken any steps looking to the procurement of an extension of the mortgage, entered into an agreement for the purchase of certain other premises in the city of New York.

Upon this state of facts which there was evidence tending to prove, the conclusion of the trial court that the defendants were not entitled to relief from their default was warranted. Nor was the plaintiff required in lieu of performance of the contract in respect to the mortgage, to accept security against damage by reason of the maturity of the mortgage at a time two years earlier than that so represented. He was entitled to performance, so far as they were substantial, of the provis-

ions of the contract pursuant to its terms. And substituted conditions not in the contemplation of the parties, and in any sense substantially modifying the stipulations of the contract, cannot without their mutual consent be made effectual to compel performance.

Although time may not necessarily be of the essence of a contract for the sale of real estate, it is treated in this state as material in such sense that unreasonable or unexcusable delay of one of the parties to it may deny to him relief; and when during his default or delay circumstances have intervened which will render subsequent performance by the other party prejudicial or detrimental to him, those facts are properly matters of consideration and will ordinarily relieve him from the obligation of the contract. (*Merchants' Bank* v. *Thomson*, 55 N. Y. 7; *Day* v. *Hunt*, 112 id. 191; *Hubbell* v. *Von Schoening*, 49 id. 326.)

While it may be that the evidence would have permitted a different result in the court below, the conclusion there reached was fairly justified and none of the exceptions were well taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.