## HALPERN v. FISCH.

(Supreme Court, Appellate Division, First Department.　December 28, 1906.)

1. VENDOR AND PURCHASER—CONTRACT—PERFORMANCE.

A contract for the sale of real estate provided that $18,000 of the consideration was to be paid by plaintiff taking the premises, "subject to a mortgage now a lien thereon to secure said sum, payable in about five years, interest at 5 per cent." The recorded mortgage failed to show the time when the debt would mature, or the rate of interest, though the bond secured by the mortgage was dated June 28, 1905, and was given to secure payment of $18,000 on June 28, 1910, with interest at 5 per cent., to be paid semiannually. *Held*, that the vendee was not entitled to reject the title, because the record did not disclose the date of maturity of the mortgage or the rate of interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 253.]

2. SAME—EVIDENCE—MATERIALITY.

Where a contract for the sale of real estate obligated the vendee to take subject to a mortgage payable in five years at 5 per cent. interest, and the mortgage of record did not show either the term or rate of interest, a letter written by the mortgagee, who had assigned the mortgage to another, to the vendee's attorney, reciting the date the mortgage matured, etc., was immaterial.

3. SAME.

Where a vendee contracted to purchase property subject to an $18,000 mortgage, payable in about five years, with interest at 5 per cent., but the recorded mortgage did not disclose the term or rate of interest, the bond secured by the mortgage, which recited such facts, was admissible to show that the mortgage in fact conformed to the contract of sale.

Appeal from Special Term, New York County.

Action by Annie Halpern against Henrietta Fisch. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Abraham Levitt, for appellant.
Edwin F. Stern, for respondent.

INGRAHAM, J. The plaintiff brought this action to recover the amount paid on a contract to purchase real property and the expense of examining the title. By the contract $18,000 of the consideration was to be paid by plaintiff taking the premises, "subject to a mortgage now a lien thereon to secure said sum payable in about five (5) years, interest at 5 per cent." When the parties met to complete this contract, it was found that there was a mortgage upon the property, made by the defendant to the Lawyers' Title Insurance & Trust Company, dated June 27th, and recorded on June 28th, which recited that:

"Whereas, the said mortgagor is justly indebted to mortgagee in the sum of eighteen thousand ($18,000) dollars, lawful money of the United States of America, secured to be paid, together with interest thereon, by her certain bond or obligation, bearing even date herewith, at the time and in the manner expressed in the bond or obligation."

The mortgage itself, therefore, did not state when the mortgage was due nor the rate of interest. This mortgage had been assigned by the

mortgagee to the Lawyers' Mortgage Company and then by the latter to one Fannie A. Park. Upon the record there was nothing to show when this mortgage was due and what was the rate of interest. With a deed of the property there was presented to the vendee a letter from the Lawyers' Mortgage Company to her attorney, which stated that the mortgage was for $18,000, covering the premises described in the complaint, and became due on June 28, 1910; that the interest runs from June 28, 1905, and is payable on June 1st and December 1st.

On the trial it was conceded that at the time of the closing of the title the plaintiff demanded from the defendant a certificate in form, which was to be recorded, showing that the first mortgage of $18,000 was due in about five years from that time, and that the interest on said mortgage was 5 per cent. This demand not having been complied with, the plaintiff rejected the title. The plaintiff having rested, the defendant offered in evidence the bond to secure which this $18,000 mortgage was given. That bond was dated June 28, 1905, and was to secure payment of the sum of $18,000 on the 28th of June, 1910, with interest at 5 per cent. per annum, to be paid semiannually on the 1st of December and June in each year. It was then proved that defendant's representatives offered the plaintiff to furnish her with "an affidavit of anything that is reasonable." Attorney for the plaintiff replied:

"I do not want that. I want something that I can record; something that I can put on record."

This contract required the vendor to convey the property subject to a mortgage for $18,000 payable in five years, at 5 per cent. interest. The only objection to the title upon this ground would be that the mortgage was not payable in five years at 5 per cent. interest. If the vendee rejected title, and it subsequently appeared that the mortgage was as described in the contract, the objection would be untenable. The vendor did not agree to convey subject to a mortgage the record of which showed that it was payable in five years at 5 per cent. interest, but agreed to convey subject to a mortgage which, as a matter of fact, was payable in five years at 5 per cent. interest.

The case of Oppenheimer v. Humphreys (Sup.) 9 N. Y. Supp. 846, is not an authority in favor of the plaintiff, for there the mortgage on record showed that the mortgage was a lien for $22,000, with interest at 7 per cent. The record therefore showed an incumbrance for that amount. The contract provided that the property was to be sold subject to a mortgage of $16,000 at 5 per cent. interest, and, as the record showed that the mortgage was for $22,000 at 7 per cent. the conveyance was not subject to the mortgage stipulated for. And the court, when holding that the vendee was not bound to accept a letter stating that they were the agents of the mortgagee and that the mortgage had been reduced to $16,000, with interest at 5 per cent. was speaking of a recorded obligation which, upon its face, imposed a greater incumbrance upon the property than that which the vendee had agreed to assume. But in this case the record imposed no greater liability than the vendee agreed to assume, and therefore the tender of the deed was good.

I do not think that the letters from the Lawyers' Mortgage Company were at all material. There was nothing inconsistent in the recorded mortgage and the mortgage to which the property was to be subject, and as matter of fact the mortgage was for just the amount payable at the time and for the rate of interest stipulated for. It is also quite evident that the bond was properly introduced in evidence as establishing the fact that the mortgage was that stated in the contract.

I think, therefore, that the judgment was right, and should be affirmed, with costs. All concur.