(129 App. Div. 508.)

GRODEN v. JACOBSON et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. VENDOR AND PURCHASER (§ 133*)—CONTRACTS—RESCISSION—GROUNDS.

A purchaser in a contract for the sale of real estate, which provides that the premises shall be conveyed subject to a mortgage to run for not less than 2½ years from the day of closing title, may refuse to take the premises subject to a mortgage, providing that, in the event of the passage of any law changing the taxation of mortgages, the holder of the mortgage may give 30 days' written notice requiring payment of the debt.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 133.*]

2. VENDOR AND PURCHASER (§ 144*)—CLOSING OF TITLE—OBJECTIONS TO DEED.

A purchaser may at the time fixed for the closing of title make his objections to the deed then offered by the vendor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 144.*]

3. VENDOR AND PURCHASER (§ 144*) — CONTRACTS — TIME AS ESSENCE OF CONTRACT.

At law, the stipulated time for the performance of a contract for the sale and purchase of real estate is of the essence thereof, and an action at law by the purchaser for the deposit for failure of the vendor to comply with the contract on the date fixed for closing the title cannot be defeated on the ground that the vendor should have received a reasonable time to perfect the title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 271–274; Dec. Dig. § 144.*]

4. SPECIFIC PERFORMANCE (§ 14*)—PERFORMANCE REQUIRING CONSENT OF THIRD PERSON.

A vendor conveying the land to a third person pending the performance of the contract of sale cannot enforce specific performance of the contract against the purchaser, since the vendor by his act either made specific performance on his part impossible or dependent on the mood of his grantee.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 33, 41; Dec. Dig. § 14.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. TRIAL (§ 11*)—TRANSFER OF CAUSES—WAIVER—NOTICE OF TRIAL.

> A defendant in an action at law, who serves a cross-notice of trial for the Trial Term, waives any right to a trial in any other forum than that of Trial Term.

> [Ed. Note.—For other cases, see Trial, Dec. Dig. § 11.*]

Appeal from Trial Term, Kings County.

Action by Morris Groden against George Jacobson and others. From a judgment for plaintiff and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Louis J. Altkrug, for appellants.

Harry Zirn, for respondent.

JENKS, J. The action is to recover a deposit on a contract to purchase realty, with improvements to be erected thereon, and the expenses for examination of the title. The defendants appeal from a judgment for the plaintiff entered upon a verdict directed by the court at the close of the case. The contract executed on April 23, 1906, named March 1, 1907, for performance. There was not performance on that day. The plaintiff on that day raised certain objections to the title, then tendered the money called for by the contract, and demanded a deed.

The contract provided that the realty should be conveyed subject to certain mortgages to run for a period of not less than 2½ years from the date of closing title; but it appeared that certain of these mortgages which were made subsequent to the execution of the contract contained provisions that, in the event of the passage of any law by the state deducting from the value of land for the purposes of taxation any lien thereon or changing in any way the laws for the taxation of mortgages or mortgage debts for state or local purposes or the manner of the collection of any such taxes so as to affect the mortgage, the holder of the mortgage and the debt which it secured should have the right to give 30 days' written notice to the owner of the said land requiring the payment of the mortgage, which in that event should become due, payable, and collectible at the expiration of the said 30 days. The contract between the parties contains no provision that the mortgages described therein might contain any such or similar clause. I think then that the plaintiff was justified in refusing to take the premises subject to mortgages which contained this provision which in a contingency neither remote nor bare (in view of the agitation of such legislation and action towards it) might make the mortgages due within a period much less than that stipulated for by the parties in their contract. Oppenheim v. McGovern, 115 App. Div. 135, 100 N. Y. Supp. 712, affirmed 189 N. Y. 572, 82 N. E. 1130. A deed was offered to the plaintiff at the time appointed for the closing of the title, and the purchaser was entitled then to make his objections thereto. Maupin on Marketable Title to Real Estate (2d Ed.) § 43, and authorities cited. The contention of the appellants is that time was not the essence of the contract, that on the law day the vendors asked and should have received a reasonable time to obtain a release of the mortgage clauses in question, which they could have obtained; but this is an action at law, and the stipulated time for

the performance of such a contract is of the essence thereof. Schmidt v. Reed, 132 N. Y. 108–113, 30 N. E. 373; Oppenheimer v. Humphreys, 56 Hun, 649, 9 N. Y. Supp. 840, affirmed on opinion below, 125 N. Y. 733, 26 N. E. 757.

The action was begun in March, 1907. The defendants demanded a decree for specific performance. The learned trial court decided that the defendants waived their demand for equitable relief because they served a cross-notice of trial for the Trial Term, and because they had conveyed the premises subsequent to their contract with the plaintiff. I think that the court may be sustained in this disposition of the counterclaim, in view of the proof that the defendants had conveyed the premises to those who were, for aught that appeared, innocent and bona fide purchasers. By this act the defendants either made specific performance on their part impossible (Pomeroy on Specific Performance, § 466) or dependent on the mood of the defendants' grantees, which is not sufficient to move the court. Hinckley v. Smith, 51 N. Y. 25. The defendants by their said cross-notice waived any right to trial in any other forum than that of Trial Term. Tubbs v. Embree, 89 Hun, 475, 35 N. Y. Supp. 320; Jacob v. Thompson, 80 App. Div. 526, 80 N. Y. Supp. 1028.

The judgment and order are affirmed, with costs. All concur.