MORRIS SCHIFF, Plaintiff, *v.* BOOKMAR CONSTRUCTION CO., INC., Defendant.

Supreme Court, Bronx Special Term, January, 1923.

**Vendor and purchaser — contract to purchase land subject to a mortgage to be placed thereon — unusual provision in mortgage changes contract — vendee may reject title and have lien for down payment.**

Where the vendee in a land contract agreed to take the property, then unincumbered, subject to a first mortgage, a provision in such a mortgage placed upon the property between the making of the contract and the law day, to the effect that in the event of the passage of any law changing the method of taxation of mortgages, the mortgagee may require the loan to become due at the expiration of thirty days after notice, changes the contract, and the vendee

has the right to reject the title and is entitled to a judgment enforcing a lien on the land for the amount paid on account of the purchase price, together with the expenses of the examination of the title.

Action to enforce lien for down payment on purchase of real estate.

*Hovell, McChesney & Clarkson* (*Sidney A. Clarkson*, of counsel), for plaintiff.

*Louis Rosenberg*, for defendant.

Tierney, J. The plaintiff contracted with the defendant for the purchase of land under an agreement that it was to be conveyed subject to a first mortgage becoming due May 22, 1927. There was no mortgage in existence at the time that the contract was signed, and this provision applied to the mortgage to be placed on the property intermediate between the signing of the contract and the closing of title. At the time of closing the title a mortgage for the specified amount had been placed upon the property. The purchaser was unwilling to accept the title because of the inclusion in this mortgage of certain clauses and brings this action to have the amount paid on account of the purchase price and the expenses of the examination of title made a lien upon the premises and for the enforcement of that lien. One of the clauses complained of is the provision that in the event of the passage of any law changing the method of taxation of mortgages the mortgagee may require the loan to become due at the expiration of thirty days after notice. This provision changes the contract of the parties. It has been so held in the case of *Oppenheim* v. *McGovern*, 115 App. Div. 135, which is controlling upon this point. This sustains the right of the plaintiff to reject the title and entitles him to the judgment demanded. Having reached this conclusion, I have not thought it necessary to pass upon the other objections to the title or questions submitted by the parties. There are covenants in the mortgage which accelerate the due date in the event of specified defaults on the part of the mortgagor, such as the failure to pay interest or taxes or keep the premises insured. These refer to some default on the part of the mortgagor and are within his power to prevent working a penalty by the performance of his covenants. Such covenants are usually in mortgages and would be implied without specific reference in the general description of a mortgage. Whether any of the covenants in the present mortgage are in the usual form, or are more particular, it is not necessary to determine. There is proof in the case and it accords with the experience of the court that these elaborate supplementals to the covenants in the statutory short form of mortgage are in common use by lenders of money upon

mortgage and that reasonable requirement is not the test in dictating the form usually adopted. Contingencies that could not become potent within any immediate future are often provided against in mortgages that mature within one year, and elaborate provisions are made in respect to a receivership, although the courts grant or refuse this remedy, upon general principles of equity, without regard to the agreement of the parties or the absence of an agreement. I am inclined to hold that the provision in the present mortgage, which amplifies the usual covenant for insurance and acceleration of the date of payment of principal for default by a special provision that the principal shall become due if insurance is refused by two or more fire insurance companies doing business in this state, is an alteration of the agreement of the parties, but it may be that it is more favorable to the mortgagor than the usual insurance clause. As I have said, it is not necessary for me to pass upon these questions. Let a decision be settled on notice finding for the plaintiff upon the ground that the Tax Law clause in the mortgage is not in accordance with the contracts of the parties. In preparing the findings counsel will please omit facts which are admitted by the pleadings and require no determination by the court. The decision will provide for judgment in favor of the plaintiff for the relief demanded in the complaint, with costs.

Judgment accordingly.