JOSEPH YOKSHAS, Respondent, *v.* MIKE DAMCOVICH and Another, Appellants.

Fourth Department, December 23, 1925.

Vendor and purchaser — specific performance — action by vendor for specific performance — property was subject to first mortgage for $7,325 due in three and one-half years — contract provided that defendant assumed first mortgage payable $125 every three months — defendant did not know that first mortgage could be called in three and one-half years — contract will not be enforced.

The vendor of real property cannot compel the specific performance of a land contract, where it appears that by the terms of the contract the purchaser assumed the payment of the first mortgage of $7,325 " payable $125.00 every three months and interest," but that said first mortgage was, by its terms, all due in three and one-half years from the time the land contract was made, which fact was not disclosed by the vendor to the purchaser when the contract was executed.

APPEAL by the defendants, Mike Damcovich and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 2d day of

October, 1924, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*David Schoenberg,* for the appellants.

*James S. Bryan,* for the respondent.

CLARK, J.:

This action was brought for the specific performance of a contract for the purchase of certain real property located in the city of Rochester and also certain personal property.

On the 30th day of April, 1924, a contract was entered into between the parties whereby plaintiff agreed to sell and defendants agreed to purchase the premises in question together with certain personal property for $19,500.

This amount was to be paid by defendants assuming and agreeing to pay certain mortgages which were then liens on the property. They were also to make certain cash payments and give back to the seller a third mortgage to secure the balance of the purchase price. A time and place were agreed upon when the transaction was to be closed. The controversy arises over a first mortgage which was a lien upon the property and which defendants assumed and agreed to pay.

This mortgage was held by the Central Bank of Rochester and it was stated in the contract that the purchasers (defendants) were to " assume Central Bank mortgage in the sum of $7,325.00 payable $125.00 every three months and interest."

After the contract was made and executed and before the time had arrived to close the transaction defendants ascertained that the Central Bank mortgage by its terms was all due in five years from its date and that at the time the transaction was to be closed the mortgage had only three and one-half years to run. On the day fixed for passing the papers plaintiff had not procured an extension of payment of this mortgage from the bank so that the payments would correspond with the terms of the contract and he was unable to do so and for that reason defendants refused to complete the purchase.

Plaintiff had at no time disclosed to defendants that this Central Bank mortgage could be called in three and one-half years. Their offer which was accepted by plaintiff was to the effect that the Central Bank mortgage was to be assumed and paid by them at the rate of $125 every three months, besides interest, but defendants never agreed to pay the mortgage in three and one-half years and they had no knowledge when the contract was made that such payment could be demanded.

41

Plaintiff received and accepted the defendants' offer to assume and pay the Central Bank mortgage as part of the purchase price for the premises he was selling them at the rate of $125 every three months with interest. He knew and understood the terms of the contract. It was his duty either to inform defendants of the fact that the Central Bank mortgage could be called in three and one-half years or else arrange to have the payments under the mortgage deferred to correspond with the terms of the contract. He did neither. Defendants had a right to understand and they did understand that this mortgage that they assumed was to be paid off at the rate stated in the contract and that such terms would continue until the mortgage was fully paid. Defendants were entitled to have tendered to them a title that was free from doubt. (*Oppenheimer* v. *Humphreys*, 9 N. Y. Supp. 840; affd., 125 N. Y. 733.)

Good faith on the part of plaintiff required him to tell defendants the facts with regard to the terms of payment of the mortgage they assumed and agreed to pay. (*Jackson* v. *State of New York*, 210 App. Div. 115, 120.)

Plaintiff tendered a title that did not correspond with the terms of the contract in regard to the terms of payment of the Central Bank mortgage and, therefore, defendants were not bound to complete the contract. (36 Cyc. 696; 39 id. 1493; *Groden* v. *Jacobson*, 129 App. Div. 508.)

The contract did not say that the purchasers were to take the property " subject to the bank mortgage." In such a case the vendee would not have been deceived.

Here the vendor went further and undertook to say how the bank mortgage was to be paid, that is, " $125.00 every three months and interest." He did not go far enough. Having undertaken to speak at all on the subject of the terms of the bank mortgage, which defendants were to assume and pay, he should have spoken the truth and the whole truth. (*Fletcher* v. *Bowsher*, 2 Stark. 561; *Jackson* v. *State of New York, supra.*)

The judgment should be reversed, with costs, and the matter remitted to the Special Term for an accounting between the parties.

The third and fifth findings of fact and all the conclusions of law are disapproved and reversed.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment reversed on the law and facts, with costs, and matter remitted to the Special Term for an accounting. Findings of fact Nos. 3 and 5 and all the conclusions of law disapproved and reversed.