JULIUS FRIEDMAN, as Trustee of the Estate of MAX KIRSON, and Another, Appellants, *v.* MORRIS FISHBEIN, Respondent.

Third Department, January 6, 1926.

**Vendor and purchaser — action by vendor for damages — counterclaim by vendee for damages and to recover down payment — vendor failed to remove incumbrances or to comply with other terms of contract — vendee is entitled to recover on counterclaim.**

A vendor of real property cannot recover damages for alleged breach of contract of sale by the vendee, where it appears that the contract provided for the removal of certain incumbrances and the performance of certain other conditions, and that at the time of closing, which was of the essence of the contract, the vendor had not removed the incumbrances and had not complied with the terms of the contract but offered certain substitutes for compliance.

The vendee may recover on its counterclaim for damages and for a down payment, since it appears that the vendor failed to comply with the conditions of the contract at the time specified and thereby breached the same.

APPEAL by the plaintiffs, Julius Friedman and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 26th day of May, 1925, upon the verdict of a jury rendered by direction of the court; also from an order entered in said clerk's office denying plaintiffs' motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 3d day of July, 1925, directing the Sullivan County Trust Company of Monticello, N. Y., to pay to the defendant or his attorney the sum of $1,000 on deposit with it in escrow.

*M. A. Novick*, for the appellants.

*Morris Orenstein*, for the respondent.

VAN KIRK, J. This is an action at law. The plaintiffs, the vendors, sought to recover money damages for breach of a contract to sell land. Defendant, the vendee, for a counterclaim, sought to recover the payment he made to plaintiffs when the contract was executed, and damages, the amount of the latter being stipulated at $150.

The plaintiffs were to convey the premises free and clear of incumbrances, except two mortgages aggregating in amount $36,000. Plaintiffs were to procure certain modifications of the two mortgages as to terms of payment. There were several other liens upon the property. The due date of the contract was March 6, 1924. This date by stipulation in writing was extended to March 11, 1924. On March eleventh the defendant and his attorney attended at the office appointed for completion of the transaction, but the plaintiffs did not appear. On the following day the defendant and his attorney again went to this office and there met the plaintiffs. The plaintiffs tendered a deed, which defendant refused to accept, because the liens had not been removed from the premises and other conditions of the contract had not been complied with, because a marketable title was not tendered. Plaintiffs did not claim that they had cleared the title, but made offers as substitutes for compliance, which offers defendant refused. No definite request for delay was made by plaintiffs, nor was any time named by them when they would be able to perform in full. The defendant insisted upon present performance and refused to wait longer. He then left the office. Within a short time, and that same afternoon, plaintiffs caused the summons in this action to be served on the

defendant. They did not proceed as soon as possible to clear the title and tender performance.

In this action at law the time stipulated for performance of the contract was of the essence thereof. (*Schmidt* v. *Reed,* 132 N. Y. 108, 113.) Under the circumstances the defendant was not bound to extend the time for performance by plaintiffs, nor was he bound to accept plaintiffs' offers of substitutes for performance of the terms of the contract. There was no breach of the contract on the part of the defendant, but there was on the part of the plaintiffs. The complaint then was properly dismissed. Defendant was ready and tendered and demanded performance; he was rightfully awarded judgment on his counterclaim.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.