SAMUEL REICH, Plaintiff, *v.* ISAAC MUSS, Defendant.

City Court of New York, Special Term, December 14, 1927.

**Vendor and purchaser — marketable title — action to recover down payment — contract stipulated that defendant would sell property subject to two first mortgages " to run for not less than three years " — mortgages subsequently executed contained acceleration clauses — plaintiff not required to accept property subject to mortgages.**

The plaintiff entered into a contract to purchase from the defendant certain real property subject to two first mortgages " to run for not less than three years." The mortgages were not in existence when the contract was made but were subsequently recorded, and, as executed, contained acceleration clauses, one to accelerate the payment in case the rate of taxation was increased by a change in the law, and the other in case the plaintiff should fail to obtain insurance. The defendant could not have the contract of sale reformed, since the affidavits show that the plaintiff's contention is correct.

The mortgages which were executed did not conform to the contract of sale, for the acceleration clause, especially the one relating to the change in the rate of taxation, was a clause of defeasance of the term of the mortgage and clearly violated the provision in the contract that the mortgages would run for not less than three years.

*It seems*, also, that the acceleration clause in reference to the failure of the plaintiff to obtain insurance violates the terms of the contract.

MOTION for summary judgment by severance.

*Samuel Weiss*, for the plaintiff.

*Joseph H. Rose* and *Abraham H. Spiegelgass*, for the defendant.

GEISMAR, J.  Motion for summary judgment by severance.  The complaint states the first cause of action upon which judgment is demanded in two counts.  The first count only concerns us here, which is that plaintiff, as vendee, contracted to purchase realty subject to two first mortgages each " to run for not less than three years; " that the mortgages were not in existence at the time of the making of this contract, but were subsequently recorded; that these mortgages do not in terms comply with the contract provision " to run for not less than three years," because, although so worded as to be made payable in three years, there are two defeasance or acceleration clauses, notably in paragraphs 11 and 12 therein, which upon the happening of a contingency may make them payable in the one event immediately, and in the other upon notice of thirty days; that clause 11 accelerates the payment in case of failure to obtain insurance, and clause 12 in case the Legislature passes a law changing the rate of taxation, thereby unfavorably affecting the security; and that upon the law day plaintiff duly objected and demanded mortgages conforming to

this provision of the contract, in default of compliance with which he now demands the return of his deposit. There are other allegations of nonownership which need not be considered. The answer is a general denial.

The substantiating affidavits show that the facts are as recited in the complaint, except that defendant alleges a verbal understanding, dehors the written contract to convey, to the effect that it was said at the time of drawing this contract, and well understood and agreed upon, that these mortgages in question were to be drawn in the " usual forms of mortgages held by the Immigrant Industrial Savings Bank and other savings banks which lend on first mortgages in the city of New York," etc. Taking up defendant's contention first, it is clear that upon no ground in equity could defendant have a reformation of this contract. (*City of New York* v. *New York & South Brooklyn Ferry & Steam Transp. Co.,* 231 N. Y. 18; *Rochester Yacht Club Co.* v. *Rochester Boat Works, Inc.,* 126 Misc. 309; *Callanan* v. *Keenan,* 224 N. Y. 503; *Huyck* v. *Andrews,* 113 id. 81.) To hold otherwise would result, as Judge CARDOZO, now Chief Judge, says in *City of New York* v. *New York & South Brooklyn Ferry & Steam Transp. Co.,* that the covenant, which is an assurance that what is asserted by the claimant to be a right is in truth a delusion and a snare.

With this contention of defendant thus disposed of, upon the question whether these proffered mortgages are in conformity with the provisions of the contract to convey, the authorities leave no doubt. Where with respect to mortgages not yet in existence, and contemplated to be drawn and recorded in the interval between the making of the contract and the law day, there is contained an acceleration clause with respect to and because of change in method of taxation, such clause is a clause of defeasance of the term of the mortgage, and in violation of the clear covenant that the mortgage shall run for the specified term. (*Groden* v. *Jacobson,* 129 App. Div. 508; *Oppenheim* v. *McGovern,* 115 id. 135; affd., 189 N. Y. 572.) It seems, also, that an acceleration clause on account of inability to get insurance (clause 11 of mortgages herein) would have the same effect, although the reported opinion to this effect in *Schiff* v. *Bookmar Const. Co.* (120 Misc. 169) is stated by the learned justice writing therein to be unnecessary to the decision of that case as it is likewise unnecessary here. (Affd., 208 App. Div. 782, without opinion.)

It follows that the plaintiff was right in making his objections to the deed offered to him on the law day, the date of which is to be considered as of the essence in this action at law, as distinguished from an action in equity. (*Groden* v. *Jacobson, supra; Schmidt* v.

*Reed,* 132 N. Y. 108; *Oppenheimer* v. *Humphreys,* 125 id. 733, affg. 56 Hun, 649.)

Summary judgment by severance upon the first count of the first cause of action is granted.