THE TIFFANY REALTY COMPANY, Respondent, *v.* ESTEY CONSTRUCTION CORPORATION, Appellant.

First Department, April 27, 1928.

**Vendor and purchaser — marketable title — stipulation in contract in reference to subordination clause in second mortgage and clause actually in second mortgage, were materially different — defendant justified in refusing title.**

The plaintiff and the defendant entered into a contract to exchange certain real properties. The contract provided that a second mortgage on the property then owned by the plaintiff contained a subordination clause, subordinating it to the present first mortgage as well as to any extensions or renewals thereof, or to any new first mortgage that might be placed in lieu thereof providing that the excess over and above the amount then owing on the present first mortgage should be applied in reduction of the said second mortgage. The subordination clause in the second mortgage actually provided that if the installment payments on the first mortgage should cease or be diminished in amount, then the installment payments on the second mortgage should be increased to a similar amount, and did not provide that the subordination agreement extended to renewals or extensions of the first mortgage. The differences between the contract of exchange and the subordination clause in the second mortgage are material, and the defendant was justified in refusing to accept title to plaintiff's property.

This is an action to have adjudged a vendee's lien on the premises belonging to the defendant, and, therefore, the plaintiff stands in the position of a purchaser and has in fact recovered back its down payment by the judgment of the court below. A person standing in that position is not permitted either at law or in equity to recover such a payment unless he shows that the other party to the contract has breached it.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of July, 1927.

*Harold R. Medina* of counsel [*William F. McNulty* with him on the brief; *Joseph & Demov,* attorneys], for the appellant.

*Henry Waldman* of counsel [*Joseph G. Abramson,* attorney], for the respondent.

O'MALLEY, J. The decision at Special Term has adjudged plaintiff to be entitled to a vendee's lien on premises belonging to the defendant. By the contract between the parties, dated June 22, 1926, for the exchange of certain real properties, the defendant was to take title to plaintiff's property subject to a first and a second mortgage. The latter contained a subordination clause and the issue presented is whether there was so material a variance between the terms of this clause as described in the contract, and as contained in the instrument itself, as to warrant defendant in refusing title.

The first mortgage was for $235,000. It fell due March 15, 1928, and required principal payments of $2,500 semiannually. The second was for $200,000. It fell due February 1, 1935, and required principal payments of $5,000 semiannually. The contract recited that this second mortgage " contains a subordination clause subordinating it to the present first mortgage as well as to any extensions or renewals thereof, or to any new first mortgage that may be placed in lieu thereof providing the excess over and above the amount then owing on the present first mortgage shall be applied in reduction of the said second mortgage."

But the subordination clause itself read:

" At any time the installment payments on the aforesaid prior mortgage shall cease or be diminished in amount, then the installment payments on this subordinate mortgage shall be increased, so that the aggregate installments upon the aforementioned mortgage and this subordinate mortgage shall equal $15,000 per annum. * * *

" The subordination of this mortgage to said prior mortgage is subject only to the right of this second mortgage or its successors to replace said first mortgage by a new first mortgage of the same or greater amount than the amount unpaid on said prior mortgage,

provided the amount of the excess is applied in payment and reduction of this second mortgage."

The language of the contract and that of the mortgage differ in two essentials. The contract subordinates the second mortgage to the first or prior mortgage and any *renewals* or *extensions* thereof; the mortgage, only to the right of replacing the first by a *new* mortgage. In addition there is the requirement contained in the mortgage, not mentioned in the contract, that the aggregate payments of principal on the first and second mortgages shall at all times equal the sum of $15,000.

We are of the opinion that there was a substantial and material variance between the provisions of the contract and of the second mortgage, and that the defendant was justified in refusing title. The requirement for an aggregate payment of $15,000 of principal on both mortgages would deprive the defendant of the benefit of any agreement it might be able to make with the owner of the first mortgage to forego installment payments on such mortgage. It is quite conceivable that such a right in the defendant would be of considerable value, especially if it found that the income from the property was not sufficient to meet all carrying charges. So, too, the defendant was entitled to the benefit of the privilege contained in the contract to the effect that the second mortgage was subordinate to its right to have the first mortgage renewed or extended. Under the provision of the mortgage it was subordinate only to a new first mortgage, which could be secured only at a considerable expense, whereas a renewal or extension might easily have been effected at only nominal cost.

In this action the plaintiff stands in the position of a purchaser in respect to defendant's premises, and has in effect recovered its down payment. But one in such position is not permitted either at law or in equity to recover such a payment unless he shows that the other party to the contract has breached it. (*Lawrence* v. *Miller*, 86 N. Y. 131; *Dwork* v. *Weinberg*, 120 App. Div. 507.) Here, as already appears, the defendant was justified in refusing title.

It follows that the judgment should be reversed, with costs, and the complaint dismissed upon the merits, with costs.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed, with costs and complaint dismissed, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.