JOHN FARINA, INC., Plaintiff, *v.* MARY RIGAS, Defendant.

Supreme Court, Kings County, February 13, 1930.

*Hutton & Holahan*, for the plaintiff.

*Thomas E. Brownlee*, for the defendant.

HUMPHREY, J. Action by plaintiff, the buyer, for specific performance against the defendant, the seller, of a contract for the

purchase and sale of real estate. The contract was made on the 13th of June, 1928, and by its terms title was to be closed on October first of the same year. By agreement between the parties, the closing was adjourned from time to time until January 25, 1929, on which date and the hour fixed in the contract the defendant appeared, waited a considerable time, and left the place fixed for the closing. In less than an hour from the departure of the defendant from the place of closing, the president of the plaintiff appeared, and had with him a certified check for the balance to be paid under his contract of purchase. On the same day plaintiff commenced its action for specific performance, and erroneously alleged in its complaint that it had appeared at the time and place fixed for the closing, and tendered the amount to be paid, and offered to execute a purchase-money bond and mortgage for the difference between the mortgages upon the property and the amount of cash to be paid at the closing. After the filing of the *lis pendens* and the service of the summons and complaint upon the defendant, her attorney sent a notice to the plaintiff and to its lawyer that on the thirtieth of March she would appear at the place fixed in the contract for the closing, tender a deed to the property, have for execution by the plaintiff the bond and mortgage provided for in the contract and would demand the balance of the purchase price. At the time so fixed both parties appeared, plaintiff tendering the balance of the purchase price, and rejecting the title because the defendant was unable to comply with the terms of her contract, and the defendant tendering a deed and other evidences which the defendant claims substantially met the terms of the plaintiff's contract.

At the time the action was commenced, plaintiff had no right to demand specific performance because it was in default. (*La Chicotte* v. *Richmond Railway & Electric Co.*, 15 App. Div. 380; *Cox* v. *Halloran*, 64 id. 550.) But the defendant having fixed a new date, and notified the plaintiff to then comply with the terms of its contract, puts both parties in the position where the compliance by the defendant with the terms of her contract is now controlling. (*Haffey* v. *Lynch*, 143 N. Y. 241, 248.) Plaintiff is buying the property for the purpose of improvement, and the instrument describes the number of mortgages, their due dates, with a warranty upon the part of the seller that they might be paid off prior to the due date, and that each mortgage contained a clause to that effect. On March thirtieth, the day fixed by the defendant for plaintiff to close title, she was unable entirely to conform these mortgages to the terms of her contract. The same situation continued down to the day of trial. The plaintiff had the right to avail itself of this variance and reject title.