LORA C. PILLING and Others, Appellants, v. ADALINE DAVISON and Others, Respondents.— Action for an injunction to restrain permanently defendants from using certain premises at Oceanside, Nassau county, N. Y., as a sanitarium. Judgment for defendants, as amended, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

MAE POSS, Respondent, v. MILDRED BRESLOW, Appellant.— In an action to recover a down payment of $1,000, made on a contract for the purchase of real estate, and to impress that amount as a vendee's lien upon the property, judgment in favor of plaintiff and dismissing defendant's counterclaim unanimously affirmed, with costs. No opinion. Pursuant to stipulation, the cross-appeal by plaintiff from part of the same judgment is withdrawn, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LUCADAMO, Appellant.— Judgment of the County Court of Kings County, convicting the appellant of the crime of carrying a dangerous weapon as a felony, in two counts, and sentencing him, as a third offender, to a term of imprisonment of not less than thirteen years and six months nor more than fourteen years, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

RUBICON OPERATING CORPORATION, Respondent, v. W. A. RUTHERFORD CORPORATION, Appellant.— Action by a vendee to recover down payment and expenses and to impress a lien on real property on the ground that the vendor did not tender a good and marketable title. Judgment for plaintiff and order denying a motion for a new trial on the ground of surprise and perjury unanimously affirmed, with costs. The weight of the credible evidence shows that plaintiff made no demand for the production of an agreement extending the mortgage to 1940, nor did it interpose specific objection to the title because of the open mortgage of record, as of the law day. The weight of the credible evidence also shows, however, that defendant repeatedly assured the plaintiff that the due date of the mortgage as of record was 1940, and asserted that any title search to the contrary was defective. These assurances were given under a mistaken belief by the president and the attorney for the defendant that an agreement extending the mortgage had been recorded. Defendant misled the plaintiff and lulled it into the belief that physical possession of the extension agreement was unimportant. Under such circumstances, a demand by plaintiff was unnecessary, and defendant did not tender such title on the law day as warrants a forfeiture of the down payment. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

SAMUEL SIEGELHEIM, Appellant, v. THE LONG ISLAND RAILROAD COMPANY and POIRIER & McLANE CORP., Respondents.— Action to recover damages for personal injuries. Order denying, without prejudice to a renewal, plaintiff's motion to examine defendants before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

WILLIAM H. SNYDER, Respondent, v. JEAN LYALL THOMPSON, Appellant.— Action to recover for the reasonable value of bookkeeping services rendered by plaintiff to defendant. Judgment in favor of plaintiff reversed on the facts and a new trial granted, with costs to appellant to abide the event, on the ground that the determination of the trial court is against the weight of the evidence. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.