Harold J. Crawford, J.
In an action to recover the down payment and expenses incurred by a buyer in connection with a contract for the purchase of real property, the plaintiff moves for summary judgment.
The plaintiff alleges that he entered into a contract with the defendants for the purchase of a one-family house and that in connection with the execution of the said contract he paid a deposit. He further alleges that the contract contained two pertinent provisions: (1) “ the northerly 5 feet more or less of the premises described herein lies in the bed of Palermo Avenue as the same is laid out on the Final Topographical Map of the City of New York. This portion of the premises is subject to the restricted use imposed by the provisions of Section 35 of the General City Law.” (2) That the buyer would assume the $10,100 first mortgage which would be self liquidating, bearing interest of 5% per annum, the principal being due and payable “ in monthly installments of One hundred seventy-two and 00/100 ($172.00) Dollars; the final payment of the entire indebtedness shall become due on April 10,1968 ”.
The plaintiff contends that after the execution of the contract he ordered a title search and made inquiry concerning the status of the first mortgage referred to in the contract. He alleges that the title search revealed that the northerly 10 feet, more or less, of the premises abutting Palermo Avenue, also known as Palo Alto Avenue, as laid out on the Final Topographical Map of the City of New York were subject to the restricted use imposed by the provisions of section 35 of the General City Law; that the mortgage would not be satisfied until April 10, 1970, two years after the date set for expiration of the mortgage in the contract. (See Rubicon Operating Corp. v. Rutherford Corp., 264 App. Div. 737; Yokshas v. Damcovich, 214 App. Div. 640; Baucher v. Stewart, 136 App. Div. 844; Groden v. Jacobson, 129 App. Div. 508.) Therefore, concludes the plaintiff, he rejected the title and rescinded the contract and demanded the return of his deposit which was refused.
The defendants oppose the motion, arguing that the plaintiff is seeking to rescind the contract merely because his wife did not want to buy a house. The defendants allege that, after the difficulty concerning the contract herein arose, the Borough *781 President in a letter dated September 15, 1961, in reply to a letter sent by the defendants’ attorney, stated; “ The acquisition of title to about 5 feet of this property would be required for the widening of Palo Alto Avenue between 191st Street and Palermo Street " # *. No proceeding for this title acquisition has been instituted since no petitions signed by the abutting property owners to acquire and improve this street at its mapped width have been submitted.” Therefore, defendants argue, no proceedings will be instituted to acquire this property if the abutting property owners do not sign petitions and, in any event, the aforementioned letter clearly indicates that only about five feet are affected. The defendants also argue that the error concerning the due date of the mortgage is not material and in fact is a benefit to the plaintiff since he has two additional years in which to pay and that the mortgage also permits him the right of prepayment if he so desires. (See Greenbaum v. Baywood Homes, 62 N. Y. S. 2d 545, affd. 272 App. Div. 826, affd. 299 N. Y. 692; Tiffany Realty Co. v. Estey Constr. Corp., 223 App. Div. 458, affd. 250 N. Y. 546; Blanck v. Sadlier, 5 App. Div. 81; see, generally, John Farina Inc. v. Rigas, 136 Misc. 384, 385.)
A restriction imposed by the provisions of section 35 of the General City Law is an incumbrance upon real property and a variance of five feet between the contract provision and the Final Topographical Map of the City of New York would be sufficient to warrant the rescinding of such contract (Petterson v. Radspi Realty & Coal Corp., 264 App. Div. 903, affd. 290 N. Y. 645; Friedman v. Baron, 223 App. Div. 851, affd. 250 N. Y. 552; Golden v. Aldell Realty Corp., 70 N Y S 2d 341) since the de minimus rule does not apply under these circumstances (Wates v. Crandall, 144 N. Y. S. 2d 211, affd. 2 A D 2d 715). If a contract purports to set forth what is contained in a filed city map the purchaser is not charged with knowledge of what is actually contained in such map. (Bibber v. Weber, 199 Misc. 906, 909-910; see, also, Junius Constr. Corp. v. Cohen, 257 N. Y. 393.) If the misrepresentations were innocent a buyer still may rescind and sue to recover the consideration paid. (Meck v. Allen Props., 206 Misc. 251, 254.) The purchaser’s motives in seeking to rescind the contract are immaterial. (Di Orio v. Molivas, 137 N. Y. S. 2d 47.)
In the case at bar it may be that the plaintiff would be entitled1 to rescind the contract if, as he alleges, there was a variance of five feet concerning the proposed street widening between the contract provision and the Final Topographical Map of the City of New York. However, there is an issue of fact concern *782 ing the aforementioned variance which cannot be summarily decided. Under these circumstances, the court does not reach the issue concerning the mortgage. Accordingly, the motion for summary judgment is denied.