Beekman, J.
This action is brought to recover a portion of the purchase money paid by the plaintiff to the defendant upon a contract between them for the sale and purchase of a parcel of real estate in the city of Mew York, and also the expenses incurred by the plaintiff in the examination of the title, on the ground that the defendant failed to tender a good title, free from all charges and incumbrances other than those which wree specified in the contract. The time fixed for closing the sale was the 10th day of May, 1892. On that day, by agreement between the parties, the time for performance was extended to May 26, 1892, when the defendant tendered his deed, and demanded performance on the part of the plaintiff, which the latter refused, alleging the following defects of title: An unsatisfied mortgage made to one William Ganed for $8,100, nine other unsatisfied mortgages,, unpaid taxes, and Croton water rents, and a notice of the pendency of an action covering the premises in question, but to which we do not consider it necessary to refer further. The holders of the nine mortgages above referred to were all present on the occasion, with releases of their respective mortgages duly executed, which releases the defendant offered to deliver to the plaintiff upon the payment by the latter of the purchase money, out of which it was expected *100 that a simultaneous payment to the mortgagees would be made, and the releases thus obtained from them. The defendant also offered to allow to the plaintiff out of the purchase money the unpaid taxes and Croton water rents.' He also tendered to the plaintiff a satisfaction piece of the “Graned mortgage,” so called, executed by one Grauld, and duly acknowledged by him, which the plaintiff, however, refused to accept. It appears that the. mortgage last mentioned was really made to one William Grauld, but the copying clerk of the register, in recording the same, erroneously inserted the name of the mortgagee as_ “Graned,” instead of “Grauld.” The record was, however, correctly indexed under the latter name. The original mortgage was in the possession of defendant’s counsel at the time fixed for the closing of the contract, and was exhibited to the plaintiff at the time the satisfaction piece in question was tendered. It had been actually paid some months before, and the satisfaction piece delivered, but the register had refused to discharge it of record, owing to the discrepancy between the name of the mortgagee on the record and that mentioned in the satisfaction piece. The plaintiff expressed his willingness to complete his purchase upon the removal then and there by the defendant of the objections which he had made to the title, which the defendant was unwilling or unable to do under the circumstances. This action was brought on the 27th day of May, 1892. Subsequently thereto the record of the Grauld mortgage was corrected, and on the 26th day of July, 1892, the satisfaction piece was filed by the defendant, and the mortgage thereupon canceled and discharged of record by the register. Upon the trial of the action, judgment was awarded to the plaintiff for the full amount claimed.
The defendant in this case has not set up any equitable defense or counterclaimed for the specific performance of the contract, but stands upon his strict legal right to retain the money which has been paid by the plaintiff, on the ground that at law no recovery can be had if the plaintiff was at fault in refusing to perform at the time fixed for the purpose. In this situation he cannot invoke the aid of any equitable principle in support of his position, but must submit to be bound to a full and exact performance of his part of the agreement at the time specified. He had agreed to deliver to the plaintiff a title to the premises in fee simple, free from all incumbrances except those mentioned in the contract, and the plaintiff had a right to demand that this obligation should be fully complied with at the time when completion of the contract on his Dart was required.
In Smyth v Sturges, 108 N. Y. 495; 13 St. Rep. 801, which was a similar action, the court says:
“The vendor, having two remedies,^one damages, and the other performance,—chose the former. This right, if any, to damages, he assigned to the plaintiff, and the plaintiff has' sued. In such an action the vendor must be held strictly to the very terms of his engagement, and show the performance of all the conditions on his part necessary to be performed to put the other party in default.”
*101 The rule so clearly laid down by the court is one founded upon an essential distinction between actions for damages and actions for specific performance. In the latter the action proceeds upon the ground of the continuance of the contract, and the court can, upon equitable principles, enforce performance with due regard to the equities of the parties. In the case of actions at law, the question is not one of performance, but of damages for nonperformance. The contract is deemed to be at an end, and the remedy afforded is satisfaction for its breach. The defendant was bound to relieve the property from the liens and clouds upon his title before he could expect or demand performance on the part of the plaintiff. He was well advised of the condition of his title, and, so far as the Grauld mortgage was concerned, he had been for several months in a position to secure a proper change of the record, and the cancellation of the same by the register. He did nothing, however, to compel proper action by the latter, but seems to have rested under the refusal of the register until tw'o months after this action was brought, when he succeeded in securing a discharge of the mortgage. If the register would have discharged the mortgage, as the defendant now claims, upon the exhibition of the original and the filing of the satisfaction piece, it was the duty of the defendant to have had this done when the contract came to be closed, but he has failed to show the slightest excuse for not having done so. If, however, the register still stood upon his original refusal, it was still more the duty of the defendant to have taken appropriate legal action to compel the discharge. He had no right to expect the plaintiff to assume any such burden. He did not even attempt to remedy his situation by causing the mortgage to be satisfied immediately upon plaintiff’s refusal to take, and again tendering his deed, but allowed two months of inactivity to pass by, apparently upon the assumption that he had been under no obligation to the plaintiff in the matter. The defendant was bound also to discharge the taxes and the Croton water rents. It was not sufficient for him to offer to allow the same to the plaintiff out of the purchase money and thus cast upon the latter the obligation of seeing to the payment and discharge of the same. Morange v. Morris, *42 N. Y. 48. In this case the court says:
“In the present case the vendor was unable to perform his agreement, for the reason that the premises were incumbered with the liens for taxes and assessments admitted in the answer. By his agreement, he was not only to convey a title in fee simple, but he was to convey and assure it free from all incumbrances except as therein specified, and the incumbrances referred to were not within the exception. The existence of the incumbrances at the time fixed in the agreement for the execution and delivery of a deed was a breach of the agreement on his part, which put it out of his power to perform, and excused the plaintiff from tendering payment. The averment in the answer that the defendant would have discharged the incumbrances * * * if the plaintiff had been ready and willing to perform on his part- is wholly immaterial. The act of conveying the premises free from all incum *102 brances was to be concurrent with that of the payment of the purchase money. The plaintiff was under no obligation to pay his money to the vendor, and trust to a remedy by action for damages in case the vendor failed to remove the incumbrances. It waé the duty of the defendant to have caused them to be discharged before the time arrived at which he had stipulated to convey.” (The italics are ours.)
It may also be said that, a fortiori, the defendant had no right to compel the plaintiff to assume his obligation to pay the taxes, although accompanied by an offer to allow the amount out of the purchase money. He had not entered into any such contract, and, however such an offer may be looked upon in a court of equity, the case is one at law resting upon strict legal right, and is without equitable aspect. Oppenheimer v. Humphreys, 31 St. Rep. 622; affirmed 125 N. Y. 733; 36 St. Rep. 1011. It is easy for vendors of real estate to secure the insertion of appropriate stipulations in contracts of sale which will relieve them from the harshness of the rule in cases where they rely upon the money they expect to receive from the purchaser for the discharge of liens. In most cases they can also find relief from the stress of the situation, in actions for specific performance, but, where they assume the position exacting a forfeiture of the money paid by the vendee upon the contract, they do so under claim of compliance with the conditions of the contract on their part, and they cannot justly complain of the demand which the law makes that such compliance shall be full, exact, and timely. The defendant cannot now claim that he had or was entitled to any additional time in which to remedy the defects complained of. Where the contract is treated as at an end, by reason of the failure to perform at the time fixed for the purpose, and the equitable power of the court is not invoked to compel specific performance, time is of the essence of the contract, and certainly may be made so by the acts of the parties. Schmidt v. Reed, 132 N. Y. 108; 43 St. Rep. 490. In this case the court says:
“While, at law, the stipulated time of performance of a contract of sale and conveyance of land is of the essence of the contract, it is not essentially so .in equity, and there, where the situation of the parties and property remains unchanged, relief will not necessarily be defeated by delay.”
Also: “The parties to a contract may, by its terms, make the time of performance essentially important, and its observance in that respect requisite to relief. Benedict v. Lynch, 1 Johns. Ch. 370. And, when that is not so, either of the parties to the contract may, by a reasonable notice to the other party for that purpose, render the time of performance as of the essence of the contract, and avail himself of forfeiture on default. Myers v. De Mier, 52 N. Y. 647.”
The case shows that, several days prior to the adjourned day for closing the contract, the counsel for the plaintiff notified the defendant’s attorney that he would insist that the liens and charges upon the property should be discharged or released of record on the day and at the time so fixed for closing the title. There is no *103 claim that the notice was not sufficient, or that the defendant was ignorant of the matters upon which the objections of the plaintiff were founded. He was bound to comply with ins part of the contract on the day fixed, and, upon his failure to do so, the plaintiff was entitled to consider it at an end. The cases cited by the counsel for the appellant are actions for specific performance, which, as we have seen, rest upon other principles. We are of the opinion that the case was correctly disposed of below, and that the judgment should be affirmed, with costs.