(32 Misc. Rep. 672.)

### KATZ v. HENIG et al.

(Supreme Court, Appellate Term. October 26, 1900.)

1. VENDOR AND PURCHASER— CONTRACT TO CONVEY—BREACH — ACTION FOR DAMAGES—JURISDICTION.

A court of law has jurisdiction of an action against a vendor for a breach of contract to convey good title, where the only relief sought is damages, and a specific performance is not asked.

2. SAME—MUNICIPAL COURT—JURISDICTION.

Under Greater New York Charter, § 1364, defining the jurisdiction of the municipal court of the city of New York, such court has jurisdiction of an action against a vendor for damages for a breach of a contract to convey good title.

Appeal from municipal court, borough of Manhattan.

Action by Jacob Katz against Michael Henig and others to recover damages for breach of a contract to convey good title. From a judgment in favor of the defendants, the plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Leon Huhner, for appellant.

David W. Rockmore, for respondents.

GIEGERICH, J. The action is by a purchaser against the vendor of leasehold premises to recover damages claimed in consequence of the latter's breach of contract to convey a good title. According to the bill of particulars, reimbursement is sought for such part of the pur-

chase money as has been paid, with interest, expenses of examining the title, and, in addition thereto, damages consequent upon the loss of the bargain. The court below dismissed the complaint upon the ground that the action was of equitable cognizance, and hence not within its statutory jurisdiction. The remarks of the court in Matthews v. Matthews, 133 N. Y. 682, 31 N. E. 519, and in Cooley v. Lobdell, 153 N. Y. 603, 47 N. E. 783, to the effect that an action to recover damages in lieu of specific performance lies not at law, but in equity, and that such damages cannot be awarded until the plaintiff's right to specific performance has been established, are cited in support of such ruling. It will be seen, however, upon a reading of these cases, that such remarks relate solely to the remedy of a purchaser in equity, where the vendor is unable to convey a good title; i. e. specific performance, or damages in lieu thereof, if specific execution cannot be decreed. But the purchaser is not restricted to this remedy. He may bring an action at law to recover damages for a breach of the vendor's express or implied contract to convey a good title, and damages such as are sought by this very action may, under certain circumstances, be thus recovered. Brown v. Haff, 5 Paige, 234; Margraf v. Muir, 57 N. Y. 155; Cuff v. Dorland, Id. 553; Smyth v. Sturges, 108 N. Y. 495, 15 N. E. 544; Northridge v. Moore, 118 N. Y. 419, 23 N. E. 570; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115; Zorn v. McParland, 11 Misc. Rep. 555, 32 N. Y. Supp. 770; affirmed in 155 N. Y. 684, 50 N. E. 1123; Sugd. Vend. 289; Hill. Vend. 439, 518; Adams, Eq. 83; Gerard, Real Est. (4th Ed.) 488; Maupin, Real Est. pp. 13, 209. These remedies are essentially distinct and independent (Peters v. Delaplain, 49 N. Y. 362, 372; Smyth v. Sturges, 108 N. Y., at page 503, 15 N. E. 544; Zorn v. McParland, 11 Misc. Rep. at page 557, 32 N. Y. Supp. 771, 772; Maupin, Real Est. p. 13), although pecuniary compensation may be the result attained in each (Hill. Vend. 518). The present action, as I gather from the record, is one for damages, and not specific performance. Such being the case, the court below unquestionably had jurisdiction of the action (Greater New York Charter, § 1364; Langbein, Mun. Ct. Prac. [4th Ed.] p. 34), and therefore it erred in dismissing the complaint.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.