(120 App. Div. 507)

### DWORK v. WEINBERG.

(Supreme Court, Appellate Division, Second Department. June 14, 1907.)

VENDOR AND PURCHASER—FAILURE TO CLOSE TITLE—RECOVERY OF SUM PAID.
Where the vendee in a contract for the sale of land failed to appear at the appointed place on the day fixed for the passing of title, the fact that on the day before it was discovered that there was a clerical error in the deed by which the vendor got the title, and that the corrected deed had not been delivered to the vendor at the time for the passing of title, did not excuse the vendee's default, and hence he was not entitled to recover a sum paid by him on the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Pur- chaser, § 373.]

Appeal from Trial Term.

Action by Harris Weinberg against Leon Dwork. From a judg- ment for defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,. GAYNOR, and MILLER, JJ.

Jacob L. Holtzmann, for appellant.
Chas. J. Ryan, for respondent.

GAYNOR, J.   This is an action to recover $500 paid by the plain-tiff to the defendant on a contract of sale of a lot of land by the defendant to him.   The contract day, i. e., for the delivery of the conveyance was August 9th at 5 o'clock p. m. at the office of the defendant's attorney.   The defendant was there, and having waited until nearly 6 o'clock left.   The plaintiff came nearly an hour late, and there being no one present who had charge of the matter came back at about 8 o'clock.   A clerk of the attorney was there in charge.   The deed of conveyance was locked up in the office safe, and he had no access thereto.   He told the plaintiff that he (the plaintiff) was in default, that there was no one there then to close the title, and that there was no use waiting.   The next day all offices were closed in that community because of a Jewish holiday, and nothing could be done.   Next day the defendant tendered a good deed of conveyance, but it was rejected by the plaintiff on the ground that it was too late.   This action was commenced afterwards.   On these facts, supported by the evidence, and which the municipal justice presumably found, the defendant was not in default, but the plaintiff was.

There are other facts, but they do not change the result.   In the deed of conveyance by which the defendant got the property there was a clerical error in the description, the word "easterly" being used for "westerly."   This was discovered by the attorneys for the parties one or two days before the deed day in the searching of the title, and the attorney for the defendant at the request of the attorney for the plaintiff set about getting a correction deed.   It was given by the defendant's grantor, but had not yet been obtained at the deed hour, i. e., the contract time for the passing of title.   It was delivered next day. Although the defendant did not have it at the deed hour, that does not alter the fact that the plaintiff made default by not being present and tendering performance.   If the defendant had himself done something which made performance by him impossible, or given notice in advance that he would not convey, a tender by the plaintiff would not have been necessary; the law would excuse it (Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Campbell v. Prague, 6 App. Div. 554, 39 N. Y. Supp. 558; Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287); but that is not this case.   The getting of the correction deed was a mere formality, and the defendant might have got it on the contract day for passing the title if the plaintiff had been present and refused an adjournment.

The rules stated in the foregoing are applicable to actions at law as well as in suits for specific performance.   The decisions cited above were all in actions at law like the present one founded on an alleged breach of the contract to convey.   The decision in Zorn v. McParland, 11 Misc. Rep. 555, 32 N. Y. Supp. 770, that the said rules cannot be applied in an action at law like the present one unless the defendant pleads by answer for a specific performance seems to rest on no principle and is not consistent with the authorities already cited.

The judgment should be affirmed.

Judgment of Municipal Court affirmed, with costs.   All concur.