### WOODENBURY v. SPIER.

(Supreme Court, Appellate Division, Second Department.   November 22, 1907.)

**1. VENDOR AND PURCHASER—DEFECTS OF TITLE — VIOLATION OF TENEMENT HOUSE ACT.**

That the water-closets of a tenement house are in the yard, instead of the house, or other violation of Tenement House Act, Laws 1901, p. 889, c. 334, is not such a defect of title as to justify refusal to accept the property under an agreement to convey good title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 199–200.]

**2. SAME—INCUMBRANCE—LIS PENDENS.**

A lis pendens for the enforcement of Tenement House Act, Laws 1901, p. 889, c. 334, and the removal of violations thereof, is not an incumbrance on property, when filed subsequent to a conveyance thereof by the defendant named and the recording of the deed; and when no complaint in such action is either filed or served.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 199–200.]

**3. SPECIFIC PERFORMANCE—REMEDIES OF PURCHASER—DELAY—IMPROVEMENTS BY VENDOR.**

Plaintiff, in a suit for performance or return of payments, is not entitled to relief after refusing to accept title at the time agreed and failing to sue for 18 months, during which time defendant has spent $4,000 in improvements.

Appeal from Special Term, Kings County.

Action by John Woodenbury against Siegmund Spier.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial granted.

The complaint was for specific performance of a contract of sale of a tenement house in the city of New York; or if the defendant could not convey a good title, that the plaintiff have judgment for $500 which he had paid on the contract, and for the expense of searching the title.   The trial court held the title defective, and gave plaintiff judgment for the said amounts.

The written contract was made on December 14, 1904, and the contract day was February 17th following.   The plaintiff refused to take title on the ground of alleged defects, and did not bring this action until July 31, 1906. Meanwhile the defendant spent $4,000 in the improvement of the house.

The other facts are stated in the opinion.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Herman S. Bachrach, for appellant.
Wm. S. Haskell, for respondent.

GAYNOR, J.   On the contract day the plaintiff refused to take title on the grounds (1) that there was an existing violation of the

tenement house act in respect of the property, which was a tenement house, viz., in that the water closets were in the yard instead of in the house, as required by the said act, and (2) that in an action entitled the Tenement House Department of the city of New York against Harris Horowitz and Samuel Nelson a lis pendens had been filed against the property on June 4, 1904. No complaint in such action has ever been filed or served, and the defendants therein did not own the land at the time of such filing, having conveyed the same on May 16, 1904, to the defendant; and the deed was recorded next day. The lis pendens says the action is "for the enforcement of sections 100, 102, 103, 109, 99, 126 of the tenement house act, and the removal of violations of the same"; and to recover against the said defendants "the penalty incurred by such violations and the costs of this action or proceeding." These sections prescribe how sinks shall be constructed, for the removal of privy vaults, for the whitewashing of cellar walls, the repair of roofs and for receptacles for ashes and garbage.

That the water closets were in the yard instead of the house, or that there were other defects or lack of improvements or repairs, was no defect of title. The contract was to purchase the house just as it was, and it did not matter how defective or tumble down it might be.

The lis pendens was no encumbrance. It is given only the "same force and effect as the notice of pendency of action provided for in the Code of Civil Procedure" (Tenement House Act, Laws 1903, p. 425, c. 179, § 130), and it has none unless the complaint be filed with it as the Code requires (section 1670; Weeks v. Tomes, 16 Hun, 349; Albro v. Blume, 5 App. Div. 309, 39 N. Y. Supp. 215). And no lien could be got on the land under it in the suit in which it was filed, for the defendants therein did not own the land when the suit was brought.

The plaintiff not only refused to take title for no reason, but neglected to bring this suit for nearly a year and a half, during which time the defendant spent $4,000 in improving his house. The plaintiff is entitled to no relief.

The judgment should be reversed on both the law and the facts. All concur.