MANDEL v. HESS et al.

(Supreme Court, Special Term, New York County. December 26, 1907.)

VENDOR AND PURCHASER—CONTRACT—SUFFICIENCY OF TITLE OF VENDOR—INCUMBRANCES.

A purchaser of real estate under a contract of sale is not bound to accept the vendor's title subject to unpaid water rents and taxes, even though the vendor offers to deduct the amount of such liens from the purchase price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 250–252.]

Action by Adolph Mandel against Sam Hess and others. Judgment rendered for plaintiff.

John D. Connolly, for plaintiff.
Paul M. Abrahams, for defendants.

NEWBURGER, J. This is an action to recover a deposit upon the signing of a contract for the purchase of real estate. At the time fixed for the closing of title the parties attended, and the defendants tendered a warranty deed and demanded that the plaintiff perform his contract. Plaintiff made a tender of the purchase money, demanding performance by the defendants, and refused to take the title tendered upon several grounds, among which was that there was unpaid Croton water rents and taxes for the year 1904. In Zorn v. McParland, 11 Misc. Rep. 555, 32 N. Y. Supp. 770, affirmed in 155 N. Y. 684, 50 N. E. 1123, in delivering the opinion of the court, Judge Beekman said:

"The defendant in this case has not set up any equitable defense or counterclaimed for the specific performance of the contract, but stands upon his strict legal right to retain the money which has been paid by the plaintiff on the ground that at law no recovery can be had if the plaintiff was at fault in refusing to perform at the time fixed for the purpose. In this situation he cannot invoke the aid of any equitable principle in support of his position, but must submit to be bound to a full and exact performance of his part of the agreement at the time specified. He had agreed to deliver to the plaintiff a title to the premises in fee simple, free from all incumbrances except those mentioned in the contract, and the plaintiff had a right to demand that this obligation should be fully complied with at the time when completion of the contract on his part was required. * * * The defendant was bound, also, to discharge the taxes and the Croton water rents. It was not sufficient for him to offer to allow the same to the plaintiff out of the purchase money, and

thus cast upon the latter the obligation of seeing to the payment and discharge of the same."

In Morange v. Morris, 3 Keyes, 48, 51, the court says:

"In the present case the vendor was unable to perform his agreement for the reason that the premises were incumbered with the liens for taxes and assessments admitted in the answer. By his agreement he was not only to convey a title in fee simple, but he was to convey and assure it free from all incumbrances except as therein specified, and the incumbrances referred to were not within the exception. The existence of the incumbrances at the time fixed in the agreement for the execution of and delivery of a deed was a breach of the agreement on his part, which put it out of his power to perform and excused the plaintiff from tendering payment. * * * In most cases they [vendors] can also find relief from the stress of the situation in actions for specific performance, but where they assume the position of exacting a forfeiture of the money paid by the vendee upon the contract they do so under claim of compliance with the conditions of the contract on their part, and they cannot justly complain of the demand which the law makes that such compliance shall be full, exact, and timely."

While it is true that the defendants offered to permit the amount due for such water rent and taxes to be deducted from the purchase price, yet under the rule laid down in the case above quoted, in an action for the recovery of money, plaintiff was entitled to have the same discharged before accepting a deed.

Without considering the other objections that were raised at the time of the closing of title, judgment must be rendered for the plaintiff for the amount of the deposit, with interest, and $150 as a fee for the searching of the title.