EAGLE TUBE CO. v. McDONALD et al.

(Supreme Court, Appellate Term.   January 15, 1909.)

1. LANDLORD AND TENANT (§ 80*)—SUBLEASE—INSURANCE OF TITLE OF SUB-LESSOR.

Property was leased to the Eagle Tube Company of New York, and thereafter the trustees of that company made a sublease to the Eagle Tube Company of Delaware, and the latter leased the property to defendant, and entered into an escrow agreement with defendant to deliver to defendant, on the termination of the tenancy of a third person, the leases to the property and its consent to sublet or assign the lease, "and the insurance of the title to said lease held under said leases in the party of the second part by the Title Guaranty & Trust Company." The certificate of the title company, tendered to defendant, certified that the title to said premises is vested in and can be sublet by the "Eagle Tube Company," the "lessee" therein; but it also contained the statement that, "the above title having been closed by sublease to Eagle Tube Company, this is to certify that the Eagle Tube Company can sublet said premises or any part thereof to" defendant.  *Held* that, the only sublease being that to the Delaware Company, the certificate of title was a sufficient compliance with the contract, and that under it the title company could have been compelled to insure the title of the Eagle Tube Company of Delaware to the defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 257; Dec. Dig. § 80.*]

2. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—DEFENSES.

In summary proceedings by a landlord to recover possession of real estate for failure of the tenant to pay rent, an objection by the tenant as to advertising signs, which was never raised until the trial, should not be considered.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1276; Dec. Dig. § 298.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings by the Eagle Tube Company against John McDonald and another to recover possession of real estate.  From a final order in favor of defendant, plaintiff appeals.  Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

White & Blackford (Rastus S. Ransom and Henry White, of counsel), for appellant.

Moss & Feiner (Isaac Moss, of counsel), for respondent.

FORD, J.   This is an appeal from a final order in summary proceedings to recover possession of real estate, dismissing the proceedings.  Lendrum, undertenant, did not appear.

On May 4, 1908, appellant, as landlord, and respondent, as tenant, executed two leases.  One covered property, known as the "Anchor Hotel property," on the southeast corner of Thirteenth avenue and Twenty-Fourth street; and the other covered five adjacent lots.  This proceeding is concerned with the hotel property only.  The parties had also at the same time, executed written consents giving the respondent the right to sublet or assign the said leases.  On the same day the parties also executed an escrow agreement by which they agreed that said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leases and consents should be deposited in escrow with a certain law-yer, to be "delivered to the party of the second part [the respondent] immediately upon the termination of the tenancy and possession of the said Henry Holsten, who was then in possession of said hotel, to said Anchor Hotel, and the insurance of the title to said lease hold under said leases in the party of the second part by the Title Guarantee & Trust Company." Such delivery was to be made by leaving duplicate originals of said leases at the office of the attorneys for the respondent. On May 18th an order of the Municipal Court was made dispossessing the said Holsten from said premises. On May 22d the attorneys for the respondent wrote the attorneys for the appellant that they under-stood that Holsten had vacated the premises occupied by him and that he had actually moved out. On May 23d one of the attorneys for the appellant delivered to the attorneys for the respondent, at their office, the said leases and consents, and a copy of a certificate of the Title Guarantee & Trust Company. He stated that rent would begin on May 24th, and asked for a check for the three months' rent in ad-vance, as provided by the Anchor Hotel lease. This rent has not been paid, and its nonpayment is the basis of this proceeding. On May 25th the respondent's attorneys made certain objections to the tender of the leases, consents, and certificate, claiming that the appellant had not complied with the escrow agreement. These objections and others were raised on the trial. The learned justice below dismissed the pro-ceeding on the ground that it did not sufficiently appear that the relation of landlord and tenant existed between the parties.

The objections were with one exception all overruled by the said jus-tice for sufficient reasons, as set forth in his opinion. The objection which, however, he held to be fatal to the appellant, was that the cer-tificate of the title company, delivered with the leases and consents to respondent's attorneys on May 23d, is not sufficient to require the title company to insure title in the Eagle Tube Company of Delaware. It appears that a lease had originally been made to the Eagle Tube Com-pany of New York, and that thereafter, on December 27, 1907, the trustees in liquidation of said New York corporation had made a sub-lease to the Eagle Tube Company of Delaware, the appellant here. The certificate of the title company on the first page certifies that the title to said premises is vested in, and can be sublet by, Eagle Tube Company, the lessee therein (referring to the lessee in the original lease to the New York corporation); and it was on this ground that the learned justice below held that the title company could not on that certificate be compelled to insure title in the Delaware company, thus robbing the tender of May 23d of all effect.

But the learned justice below seems to have overlooked the first type-written page of said certificate, wherein the title company states:

"The above title having been closed by sublease to Eagle Tube Company, this is to certify: That the Eagle Tube Company can sublet said premises or any part thereof to John McDonald," etc.

The lease to the Eagle Tube Company of New York was not a sub-lease, and the only sublease that can be referred to is the one from the trustees of the New York company to the Delaware company. In

my opinion the title company could have been compelled to insure under said certificate the title of the Eagle Tube Company of Delaware to the respondent herein. In that one respect the learned justice below erred. He correctly held that:

"If, therefore, the landlord presented a certificate showing the readiness of the title company to insure the title to the tenant upon the recording of his lease, this should be taken as a reasonable compliance with the agreement of May 4th, and such as would be presumed to be contemplated thereby."

In my opinion the appellant showed a full compliance on May 23, 1908, with the requirements of the escrow agreement.

It may be added that the objection as to the advertising signs was never raised until the trial, and should not prevail. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. As to water charges, Zorn v. McParland, 11 Misc. Rep. 555, 32 N. Y. Supp. 770, cited by respondent, is not in point.

The order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.