ALPERN v. FARRELL.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

1. VENDOR AND PURCHASER (§ 130*)—TITLE—DEFECTS—LIS PENDENS.

A notice that an action or proceeding has been commenced affecting the title to property does not necessarily make the title defective, and, if the cause of action has been settled before judgment, and it so appears from public records or by satisfactory evidence, or if the action or proceeding is abated, or if judgment has been entered adverse to plaintiff's claim, the existence of the uncanceled lis pendens is of no consequence.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 130.*]

2. MUNICIPAL CORPORATIONS (§ 628*)—REMOVAL OF UNSAFE BUILDINGS—PROCEEDINGS—LIEN OF CITY FOR COSTS.

Where proceedings by a city to condemn and remove buildings as unsafe were withdrawn, and completely settled, the city could have no lien for costs of the preliminary search and survey under Building Code, § 115, providing for recovery of such costs only if final judgment is rendered declaring the building unsafe, and directing a precept to issue for its removal, and such precept has been returned with an indorsement of the action thereunder.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 628.*]

3. VENDOR AND PURCHASER (§ 144*)—PERFORMANCE OF CONTRACT—DUTY OF PURCHASER TO PERMIT REMOVAL OF DEFECTS.

Where, shortly before expiration for the time for closing a contract for sale of premises, proceedings were brought by the city to condemn and remove the buildings on the property as unsafe, and lis pendens notices were placed on record, but before expiration of the time the proceedings had been withdrawn, the purchaser having proof thereof, he should have given the vendor time to procure cancellation of the lis pendens, which were not incumbrances, if it were necessary, before terminating the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 144.*]

4. VENDOR AND PURCHASER (§ 344*)—BREACH OF CONTRACT BY VENDOR—RIGHT TO RECOVER.

Before a purchaser can recover damages of his vendor for breach of a contract to convey, he must prove that he was ready and able to perform, except when an incumbrance of the premises is of such a character that the vendor is unable to remove it, or has declared in advance that he will not convey.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1033; Dec. Dig. § 344.*]

5. VENDOR AND PURCHASER (§ 170*)—BREACH OF CONTRACT BY VENDOR—"TENDER."

Tender imports, not only readiness and ability to perform, but actual production of the thing to be delivered, and the only tender of performance which a purchaser can make is tender of the purchase money.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 344–348; Dec. Dig. § 170.*

For other definitions, see Words and Phrases, vol. 8, pp. 6910, 6911.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. VENDOR AND PURCHASER (§ 170*)—TENDER BY PURCHASER—NATURE.**

The tender of purchase money by a purchaser is not absolute and unconditional so that he can under no circumstances withdraw it, but is conditional upon the vendor carrying out the terms of the contract on his part, and a tender of money is not invalid because coupled with a demand for the performance of a reciprocal duty enjoined by law upon the person to whom the tender is made.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 344–348; Dec. Dig. § 170.*]

**7. VENDOR AND PURCHASER (§ 170*)—PERFORMANCE OF CONTRACT—ABILITY AND WILLINGNESS OF PURCHASER—TENDER.**

The production of purchase money by the purchaser and its offer or tender is conclusive evidence of the purchaser's ability and willingness to perform his contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 344–348; Dec. Dig. § 170.*]

Gaynor and Jenks, JJ., dissenting.

Appeal from Kings County Court.

Action by Willie Alpern against William J. Farrell. Judgment of dismissal, and plaintiff appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

Harry Zirn, for appellant.
C. W. Wilson, Jr., for respondent.

BURR, J. Plaintiff's assignor and the defendant made a contract, by which the latter agreed to sell, and the former to purchase, property on the southwest corner of Marcy avenue and Kosciusko street, in the borough of Brooklyn. This action is brought to recover the earnest money paid thereon and the expenses of examining the title. The contract was to be closed on August 15, 1906. On July 25, 1900, the city of New York, through its building department, had taken proceedings to condemn the buildings then on the property as unsafe, and had filed notices of such proceedings in the county clerk's office. Shortly thereafter, and before the 8th day of August, 1900, the buildings were made safe, and the records of the building department show that it had given its approval of the alterations made and withdrawn its complaint. At the time when the contract was to be closed, the defendant had in his possession a letter from the chief inspector and acting superintendent of the building department, stating that fact, which letter was exhibited to the vendee. Notwithstanding this, the vendee claimed that the title was defective because the notices of lis pendens were uncanceled of record. Thereafter, and on the 18th of September, 1906, the defendant did cause them to be canceled upon the consent of the corporation counsel. All of these facts were undisputed. Upon the closing day, according to the testimony of the defendant, his own counsel, and counsel for the vendee, the defendant offered to procure the cancellation thereof, but plaintiff refused to grant an adjournment of two or three days for that purpose, or any adjournment, unless one for a month was granted to him. The tes-

timony of the vendee upon this point is so vague and indefinite as to raise no issue. Subsequently the vendee assigned his claim to the plaintiff, and on the 31st day of January, 1907, this action for damages for breach of the contract was commenced. The title of the defendant was perfectly good. A notice that an action or proceeding has been commenced affecting the title to property does not necessarily make the title defective. If the cause of action has been settled before judgment and it so appears from public records, or by satisfactory evidence, or if the action or proceeding is abated, or if judgment has been entered in the action adverse to plaintiff's claim, the existence of an uncanceled lis pendens is of no consequence. Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40, 11 Am. St. Rep. 700; Baecht v. Hevesy, 115 App. Div. 509, 101 N. Y. Supp. 413; Weissberger v. Wallach, 124 App. Div. 382, 108 N. Y. Supp. 887; Grace v. Bowden, 10 App. Div. 541, 42 N. Y. Supp. 60. In Hayes v. Nourse the court say, citing with approval the opinion of the Master of the Rolls in Bull v. Hutchins, 32 Beav. 615:

"All that the registration of a lis pendens does is to require persons to look into the claims of the plaintiff who registers it."

In this case an examination of the records of the superintendent of the building department, which are public records (Laws 1901, p. 185, c. 466, § 413), would have disclosed that there was no existing cause of action, but that the same had been completely settled. There is no force in the suggestion that the city might have a lien for the costs and expenses of the preliminary search and survey. These can only be recovered if final judgment is rendered declaring the building unsafe and directing a precept to issue for its removal, and such precept has been returned with an indorsement of the action thereunder. Building Code, § 115. As has been pointed out, no such judgment can ever be rendered, for no cause of action now exists. Time was not of the essence of the contract, as is shown by the vendee's request for a long adjournment, and, under the circumstances, the vendee was not justified in terminating the contract without giving the vendor an opportunity to procure the cancellation of the lis pendens, if that had been necessary. Weissberger v. Wallach, supra. In that case a lis pendens had been filed in an action to foreclose a mortgage upon the property. Objection was made by the vendee to completing the contract for the sale of the property upon the ground that this was open of record. The vendor thereupon produced an agreement extending the time for the payment of the mortgage and asked for a short adjournment to procure the cancellation of the lis pendens, which was refused. In an action by the vendee the court said that the lis pendens "was not an incumbrance, and the plaintiffs were not entitled to reject the title upon that ground. It is perfectly plain that the title was good." In Grace v. Bowden, supra, the Appellate Division of this department, speaking through Mr. Justice Bartlett, said:

"The mere existence of the notice of lis pendens on record * * * was not enough to make the title doubtful. The objecting party was bound to go further, and show that doubt was created by the character of the claim which was made in the suit to which the notice of lis pendens referred."

It is unnecessary, therefore, to decide whether, if the title had been bad, it was necessary for the vendee to tender the purchase money to the vendor and demand a conveyance in accordance with the terms of the contract before bringing his action to recover the earnest money and expenses. If such question were in the case, I should say that under the circumstances here disclosed it was necessary. Before a vendee can recover damages of his vendor for breach of a contract to convey, he must prove that he was ready and able to perform. The only exceptions to that rule are when the incumbrance is of such a character that the vendor is unable to remove it, or when the vendor has declared in advance that he will not complete. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; Vandegrift v. Cowles Engineering Co., 161 N. Y. 435, 55 N. E. 941, 48 L. R. A. 685; Dwork v. Weinberg, 120 App. Div. 507, 105 N. Y. Supp. 504. In the case last cited, this court, Mr. Justice Gaynor writing, says:

"The plaintiff [the vendee] made default by not being present and tendering performance. If the defendant had himself done something which made performance by him impossible, or given notice in advance that he would not convey, a tender by the plaintiff would not have been necessary. The law would excuse it."

Tender imports not only readiness and ability to perform, but actual production of the thing to be delivered. Eddy v. Davis, 116 N. Y. 249, 251, 32 N. E. 362. The only tender of performance which a vendee can make is tender of the purchase money. This seems to have been considered the rule. In Hartley v. James, 50 N. Y. 38, the court say, on page 43:

"Under some circumstances the court will not hold a contract void by reason of the inability of the seller to make a perfect title, but will put the purchaser to a tender of payment and a demand of the deed, to the end that the seller may make his title good. If a seller of lands by an executory contract of sale before the day of performance gives notice of his intention not to perform, or absolutely refuses to perform, or on being applied to is unable to perform, or offers a defective title, a formal tender and offer of payment and demand of a deed by the purchaser is not necessary to entitle him to treat the contract as rescinded, and recover back what he has paid thereon."

Tender is "an offer to perform an act which the party offering is bound to perform." 28 Am. & Eng. Ency. of Law, 4. It is an offer to perform an act or to pay money, with a present ability to do so. Cockrill v. Kirkpatrick, 9 Mo. 697. The tender of the purchase money is not absolute and unconditional, so that the purchaser can under no circumstances withdraw his hand any more than a verbal or a written offer to perform would be. Both are conditional upon the vendor carrying out the terms of the contract upon his part. A tender of money is not invalid because coupled with a demand for the performant of a reciprocal duty enjoined by law upon the person to whom the tender of money is made. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482; Harding v. Giddings, 73 Fed. 335, 19 C. C. A. 500; Henry v. Raiman, 25 Pa. 354, 64 Am. Dec. 703. The production of the purchase money and its offer or tender is conclusive evidence of the vendee's ability and willingness. A mere oral or written propos-

al to perform might not be. The soundness of such a rule is manifested in this case, for there was evidence on the part of the defendant that the vendee said that he did not have sufficient money to close the contract on the day named, and that in the first instance he asked for an adjournment on that account. It was only when the long adjournment that he asked for was refused that the objection to the title was made.

The complaint should not have been dismissed upon the merits, and the judgment appealed from should be modified by striking out these words, and, as modified, should be affirmed, without costs.

HIRSCHBERG, P. J., and WOODWARD, J., concur.

GAYNOR, J. (dissenting). The action is to recover back the deposit paid on a contract of purchase of real estate, and also the expense of examining the title.

On the contract day the paintiff refused to carry out the contract, viz., pay the purchase price and take title, for the reason that the building department of the city of New York had begun a proceeding to have the building thereon declared dangerous, and to repair it at the expense of the owner, and charge the property therewith, and also with the cost and the expense of the proceeding; and filed a lis pendens in such proceeding, which proceeding and lis pendens, were still of record and open. The learned trial Judge dismissed the complaint at the close of the evidence on both sides on the sole ground, as stated by him, that the vendee had not convinced him by sufficient evidence that he tendered the purchase price.

But the vendee was not obliged to tender the purchase price until the vendor's deed would convey a clear title. Where the vendee is not obliged to take the title as it exists on the deed day, he is not obliged to tender the purchase money to the vendor. It suffices that he offers to perform if the title be cured or perfected. This is in accord with both principle and authority. A tender of the purchase price would be folly, for when the vendor reached out his hand to take the money the vendee would have to draw it back. There is no such tender of money as that. A tender of the purchase price is in order and required only when the vendor is then and there able to convey a good and clear title. Delavan v. Duncan, 49 N. Y. 485; Hartley v. James, 50 N. Y. 38; Morange v. Morris, *42 N. Y. 48. The case of Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080, is not to the contrary. It does not deal with a money tender at all, but only with readiness and offer to perform. The headnote is none too careful and discriminating, but the opinion is:

"That in cases where by the terms of the contract the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the nonperformance, or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party."

The opinion speaks throughout only of "tender of performance," not of "tender of money" or price. The phrase is used in the opinion

to express what is usually expressed by the phrase "offer of perform-ance." Elsewhere the opinion more correctly states the case as fol-lows:

"It is not alleged or claimed that the plaintiff on that day, or at any other time, offered to perform on his part or demanded performance on the part of the defendant, and this presents the serious question in the case and the only obstacle to the plaintiff's recovery," viz., of the amount paid on the con-tract, and the expense of examining title, as in the present case.

There, as here, there was a defect which the vendee was entitled to have removed before he was required by law to pay the purchase money and take the deed; but there the vendee, unlike the vendee here, did not demand performance and offer to perform, but drew out. The evidence here is that the title company which examined the title for the vendee notified the vendor several days before the deed day of the lien, and that on the deed day the vendee offered to perform, but required that the lien be removed, and asked or offered that an ad-journment be had for that purpose. But the learned trial Judge grant-ed a non-suit on the ground that he did not go further, and tender the purchase price to the vendor. The vendor was not entitled to the purchase price, and therefore no tender of it was required. A tender of money is never required until it is due. If the vendee was required to tender it, the vendor was entitled to take it.

The dismissal cannot be upheld on the ground that the defendant showed that the proceeding had been dropped or abandoned by the building department. The record of the proceeding showed that it was still pending. A letter of a subordinate in the building depart-ment to whom it may concern, dated on the deed day, that the "unsafe notices" "have been signed off upon the books of this bureau," was produced at the time the parties met on the deed day, but it was no evidence of the loose facts stated by it, much less that the proceeding had been discontinued or abandoned, and should have been excluded. That the proceeding had been pending for six years did not create a presumption that it was abandoned, especially in the delay of litiga-tion hereabouts.

It is true that the vendee in contemplation of law contracted to purchase the property just as it was, however out of repair or tumble-down (Woodenbury v. Spier, 122 App. Div. 396, 106 N. Y. Supp. 817); but the costs of the proceeding, including the expense of sur-vey, etc., by the city, which the property was liable to have cast against it by the final order, and which might be considerable, made the pro-ceeding an incumbrance (Building Code, § 155). There is no evidence whatever that the expense of the survey which the city made, or the costs of the proceeding had been remitted by the city. Even though the owner did the work of making the building safe—and that is what is claimed—the city was still entitled to charge the land with the costs and expenses.

The defendant was allowed to prove that the lis pendens was can-celed after the deed day on the written consent of the corporation counsel, but there is no evidence that he thereupon notified the vendee of that fact and tendered the deed. On the contrary, the plaintiff of-

fered to prove that the vendor thereupon conveyed the property to a third party, thereby making performance of the contract impossible, but the court would not permit it.

In a word the whole case turned on the failure of the vendee to actually tender the money to the vendor on the deed day, whereas he was not entitled to it.

The judgment should be reversed.

JENKS, J., concurs in the dissent.