(80 Misc. Rep. 489.)

### WESTCHESTER & BRONX REALTY & DEVELOPMENT CO. v. WHITLOCK et al.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

VENDOR AND PURCHASER (§ 341*)—RECOVERY OF DEPOSIT—EVIDENCE.

In an action by a purchaser against a vendor to recover a deposit, the exclusion of evidence of the purchaser's inability to perform was error, where there was no proof of a tender or readiness to perform by him, and the vendor had tendered a deed and noted the purchaser's default on the contract, since the vendor could not be put in default without a tender by the purchaser, unless there was an incumbrance on the property which could not be removed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. § 341.*].

Appeal from City Court of New York, Trial Term.

Action by the Westchester & Bronx Realty & Development Company against Benjamin Morris Whitlock and others, as executors of Amelia Mott Graham, deceased. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Masten & Nichols, of New York City (Knowlton Durham, of New York City, of counsel), for appellants.

Herman Hoffman, of New York City (Alexander Thain, of New York City, of counsel), for respondent.

GUY, J. This is an action to recover a deposit of $2,500 on a contract for the sale of real estate, in performance of which contract it is alleged that plaintiff's assignor was ready, willing, and duly offered to accept and take a deed in fee simple to the premises, but refused to accept a deed tendered to him by defendants, because said deed as

tendered would not and did not convey said premises free from all incumbrances, as by said contract provided.

There is no proof of any tender or readiness to perform on the part of the plaintiff's assignor. Defendants tendered a deed, and noted plaintiff's default on the contract. Defendants sought to introduce evidence that plaintiff's assignor did not have the $30,500 in cash required to be paid as the balance of the purchase price; that he never offered performance, and was unable to perform, which evidence was excluded and defendants excepted. There is proof of an encroachment by a wooden fence and by an adjoining two-story frame building; but this objection was not raised until after plaintiff's assignor had refused to take title, and after his default had been noted. The defendants' proof to the effect that plaintiff's assignor at the time of the default stated that he refused to take title, because he had been unable to negotiate a loan and could not raise the money, was not contradicted, nor was the assignor's admission of his default under the contract explained.

It was error to exclude proof that plaintiff's assignor was unable to perform. To put the defendants in default, it was necessary either that plaintiff's assignor should make a tender, which they refused, or else that there was some incumbrance on the property, which could not be removed. Alpern v. Farrell, 133 App. Div. 278, 280–1, 117 N. Y. Supp. 706; Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080. New objections to the title, made after the default, are not available to defeat the defendants' right to retain a forfeited deposit, unless it is shown that the objection could not have been obviated by the seller. Higgins v. Eagleton, 155 N. Y. 466, 472–4, 50 N. E. 287. It does not appear that it was beyond the power of the defendants to remove the encroachments of which plaintiff now complains.

Judgment reversed; and a new trial ordered, with costs to appellants to abide the event.

GERARD, J., concurs in result. PAGE, J., concurs on the first ground stated.