JACOB FROMER, Plaintiff, *v.* ABRAHAM LANGER and Others, Defendants.

Supreme Court, Greene County, October, 1923.

Real property — action to foreclose mortgage — lis pendens — mere filing of notice of pendency of action, without summons and complaint, does not affect judgment creditors of persons not served or made parties — service — when substituted service will be deemed defective.

Where the complaint in an action to foreclose a mortgage upon real property is not filed, the mere filing of a notice of the pendency of the action does not create a lien and while the court has power to direct the summons and complaint to be filed *nunc pro tunc,* only those who are parties to the action are affected by such filing.

A notice of the pendency of the action having been filed on January 25, 1923, without the summons and complaint, a copy thereof was filed two days later and before any of the parties to the action had been served. Pursuant to an order of the justice of the Supreme Court permitting the original summons and complaint to be filed *nunc pro tunc* as of the date of the filing of the *lis pendens,* they were so filed on or after September 27, 1923, but on August 1, 1923, a judgment had been docketed against one S., a defendant in the action, who was not served with the summons and complaint, and on August 17, 1923, a judgment was docketed against one O., who was not a party defendant. *Held,* that the filing of the *lis pendens* was defective as against the said judgment creditors of S., and did not in any way affect the judgment creditors of O.

It also appeared that by reason of defective service of an order for substituted service of the summons and complaint upon certain of the defendants who were owners of an equity in the mortgaged premises the court had not acquired jurisdiction over the person. *Held,* that under the present judgment pursuant to which the mortgaged premises were sold on July 30, 1923, the purchaser will be relieved from her agreement to purchase, and a motion to compel her to complete the same will be denied.

MOTION to compel a purchaser at a foreclosure sale to accept referee's deed.

*Paul Fromer,* for plaintiff, for motion.

*Edward W. Lackey,* for purchaser, opposed.

NICHOLS, J. This is a motion by the plaintiff to compel one Mildred H. Lord, purchaser, to complete her purchase at foreclosure sale.

January 25, 1923, the plaintiff filed a notice of pendency of action in the Greene county clerk's office. The summons and complaint were not filed. A copy of the summons and complaint was filed January 27, 1923, before any parties to the action had been served. The original verified summons and complaint were filed in the Greene county clerk's office on or after September 27, 1923, pursuant to an order of a justice of the Supreme Court permitting the same to be filed *nunc pro tunc* as of January 25, 1923, the date of the notice of pendency of the action. A judgment was docketed against one of the defendants, Morris S. Shapiro, August 1, 1923, for $1,210.69, and one in favor of Isaac Olin (evidently a mistake in the stipulation as against Isaac Olin), said Olin not a defendant, for $125.85, docketed August 17, 1923.

Morris S. Shapiro, a judgment creditor, although a defendant in the action, was not served with the summons and complaint. The defendants Abraham Soefer and Ruth Soefer were owners of an equity in the premises, and were attempted to be served with a summons and complaint by means of an order for substituted service granted April 5, 1923. Said order was properly granted by a justice of the Supreme Court, and contained the following directions as to service: " Ordered that service of said summons upon said defendants Abraham Soifer, also known as ' Abraham Soefer,' and Ruth Soefer, be made by leaving a copy thereof and this order at the residence of said defendants, No. 230 Clinton Street, Borough of Manhattan, New York City, with the person of proper age, if upon reasonable application admittance can be obtained and such person found who will receive it, or if admittance cannot be obtained and such person found, by affixing same upon the outer or other door of said defendants' apartment, and by sending another copy thereof, properly addressed in a postpaid wrapper, addressed to them at their place of residence."

Service upon the Soefers, pursuant to said order, according to the affidavit of the process server, was made as follows: " Irving Tick, being duly sworn, deposes and says, that he served the annexed summons and complaint, together with a copy of the order attached hereto, directing substitute of service upon said Abraham Soefer and Ruth Soefer, at 230 Clinton Street, Borough of Manhattan, City of New York, on the 9th day of April, 1923, by leaving attached to the door of the last known apartment, 230 Clinton Street, Manhattan Borough, City of New York, a true copy thereof, and that, at the same time of making said service, deponent was over eighteen years of age."

The mortgaged premises were sold July 30, 1923, under the direction of a referee, and were purchased by Mildred H. Lord,

who was to receive the referee's deed August 1, 1923. The purchaser declines to accept title, for several reasons, only two of which, under the circumstances of the case, need to be considered, the first of which is that the original verified summons and complaint were not filed in the Greene county clerk's office until after the entry of the judgment of foreclosure. While the court had power to direct the summons and complaint to be filed *nunc pro tunc*, it only affected people who were parties to the action. *Weeks* v. *Tomes*, 16 Hun, 349. Therefore, the people who filed judgments against Abraham Soefer, a party to the action, and against Isaac Olin, not a party to the action, were in nowise bound by said filing.

The filing of a copy of the complaint was insufficient. Section 120 of the Civil Practice Act provides, amongst other things: " In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property, if the complaint is verified, the plaintiff, when he files his complaint, or at any time afterwards before final judgment, may file in the clerk's office of each county where the property is situated a notice of the pendency of the action. * * * " It, therefore, follows that as the filing of the complaint is an act which affects the title to real property, and it can only be filed if verified, the filing of an unverified copy is not equivalent to the filing of the verified complaint.

*Lis pendens* is not an incumbrance where the complaint is not filed with it. *Woodenbury* v. *Spier*, 122 App. Div. 396. Where no complaint in an action is filed, the mere fact of the filing of notice does not create a lien. *Albro* v. *Blume*, 5 App. Div. 309. It, therefore, follows that the filing of the notice was defective as against the judgment creditors of the defendant Shapiro, and, of course, did not affect in any way the judgment creditors of Isaac Olin, not a party defendant.

But the proceeding was defective in another particular. The process server did not serve the order for substituted service in the manner required by section 231 of the Civil Practice Act, which provides: " The order must direct that the service of the summons be made (1) by leaving a copy thereof, and of the order, if the defendant is a domestic corporation or joint-stock or other unincorporated association, at its principal office or place of business, or if a natural person, at the residence of the defendant, with a person of proper age, if upon reasonable application admittance can be obtained and such person found who will receive it; or (2) if admittance cannot be so obtained nor such person found, by affixing the same to the outer or other door of the defendant's

said place of business or office, or of his residence, and by depositing in a post-office another copy thereof, properly enclosed in a postpaid wrapper, addressed to the defendant at its said principal office or place of business, or to him at his place of residence, or (3) in the case of a natural person, upon proof by affidavit that no such residence can be found, service of the summons may be made in such manner as the court may direct."

The affidavit of the process server, Tick, shows that all he did was to attach the same at the outer door of the last known apartment, 230 Clinton street, Manhattan borough, city of New York. This was insufficient and the court acquired no jurisdiction over the person of the defendants Soefer.

The judgment, of course, can be opened. Olin, the judgment creditor, and any other judgment creditors can be brought in as parties defendant by an amended summons and complaint. The defendants Soefer can be served either by publication, or, if a proper case is made out, by substituted service, and new judgment of foreclosure can be granted and a new sale can be had. But, under the present judgment, the purchaser, Mildred H. Lord, must be relieved of her agreement to purchase.

Plaintiff's motion is denied, with ten dollars costs. Either party may forward a proposed order in accordance with the foregoing.

Ordered accordingly.