James A. Haynes, Jr., Esq. County Attorney, Chenango
I am writing in response to your request for an Attorney General's opinion as to the authority of a county clerk to charge a fee for the assignment of an index number upon the filing of a notice of pendency under article 65 of the CPLR.
By way of background, we note that upstate county clerks perform dual roles, each with its own responsibilities (see 1986 Op Atty Gen [Inf] 77). In one role, they perform a State function as the clerk of the court for supreme and county courts, supervising the calendaring and filing of all papers in actions commenced in those courts (CPLR §8020). The clerks also have local responsibilities which include the maintenance and indexing of records and filings affecting real property in the county (CPLR § 8021; Real Property Law, §§ 290, et seq.).
As part of their responsibilities as court clerks, county clerks are authorized to charge a fee of $100 for the assignment of an index number to an action (CPLR § 8018[a]). The CPLR provides that no paper can be filed in an action in the supreme or county court unless it is endorsed with an index number (CPLR § 8018[c]). Typically, the party who first seeks judicial intervention in an action, such as determination of a motion, purchases the index number. Generally, once the index number is purchased, there are no further charges for filing documents in pending lawsuits (CPLR §§ 8018,8020). Exceptions to this rule, which are specifically set forth in the CPLR, include a $70 charge for placing a cause of action on a calendar and a $50 charge for filing a demand for a jury trial (CPLR §8020[a], [c]).
Notices of pendency are governed by article 65 of the CPLR. The notice, also known as a lis pendens, may be filed whenever the relief sought in a lawsuit would affect the title to, or the possession, use or enjoyment of real property (CPLR § 6501). The filing, which is made in the clerk's office of the county where the affected property is located, acts as an encumbrance and puts prospective buyers of the property on notice that the property is the subject of litigation.
Article 65 permits the notice to be filed at any time prior to judgment in the action (id., § 6511[a]). The notice may even be filed prior to the service of the summons and complaint which commences the action (ibid.). If the notice is filed prior to the commencement of the action, it is effective only if the summons is served within 30 days of the filing (id., § 6512). Nevertheless, the notice must be accompanied by a copy of the complaint, otherwise it is of no effect (Shade v Hague, 94 N.Y.S.2d 124 [Sup Ct, Monroe Co, 1949]; Fromer v Langer, 121 Misc. 550 [Sup Ct, Greene Co, 1923]; 1974 Op Atty Gen [Inf] 187).
You have asked whether a county clerk may require a party to purchase an index number when a notice of pendency is tendered for filing. In our view, the filing of a notice of pendency falls within the county clerk's local duties. The notice, although it cannot arise without an underlying lawsuit, is essentially an encumbrance upon property. The CPLR classifies and treats the notice in a manner comparable to other encumbrances on property, such as mortgages and liens. For example, the CPLR provides that a county clerk may charge $15 for the filing or recording of a notice of pendency (CPLR § 8021[a][10]).* Section 8021 is entitled "County clerks other than as clerks of court", and the subdivision under which the $15 fee is set forth is entitled "Services in connection with papers or instruments relating to real property and not filed under the uniform commercial code". Included in this subdivision are fees for filing and indexing maps, indexing a foreclosure of a mortgage, recording an assignment of a mortgage and filing Federal tax liens (CPLR § 8021[a]). Each of these filings has its own fee requirement; none of them require that an additional fee for an index number be paid or that an index number be affixed to the instrument itself.
The filing of the notice of pendency, therefore, is a local function of the clerk and essentially unrelated to the clerk's duties and responsibilities as clerk of the county and supreme courts, including the power to require and charge a fee for an index number. This is true whether or not the underlying action is venued within the county.
You have also asked whether the clerk can require the purchase of an index number when a party tenders for filing papers in an action pending in another court. An action can only have one index number; if the venue of the case is changed, the CPLR provides that the new index number is to be assigned without charge (CPLR § 8018[b]; 1977 Op Atty Gen [Inf] 107).
We conclude that a county clerk may not require the purchase of an index number as a prerequisite to the filing of a notice of pendency.
* This subdivision provides as follows:
 "For filing or recording a notice of pendency of action or a notice of attachment against real property, or an amended notice of pendency of action or an amended notice of action against real property, fifteen dollars, but no fee shall be charged for filing or recording a notice or order continuing or cancelling same."